MERKEL, APPELLEE, *v.* MERKEL, APPELLANT.

(No. 10733—Decided July 22, 1988.)

*H. Charles Wagner,* for appellee.
*S. Richard Richman,* for appellant.

BROGAN, J. On November 8, 1984, the appellee, Benny C. Merkel, and the appellant, Jolene P. Merkel, were granted a divorce by the Circuit Court for the County of Marquette, Michigan. Pursuant to the decree of divorce, the appellant received custody of the parties' two minor children, Melissa Marie Merkel, born on November 1, 1971, and Amanda Lee Merkel, born on October 5, 1979. The appellant subsequently moved to Ohio, and on

June 1, 1987, she filed a motion with the Court of Common Pleas of Montgomery County to transfer the jurisdiction of the prior divorce judgment from Michigan to Ohio. On July 1, 1987, the Court of Common Pleas of Montgomery County agreed to take jurisdiction of this case and sustained the appellant's motion. In addition to her motion to transfer jurisdiction, the appellant had simultaneously filed a motion with the court requesting it to (1) order the appellee to pay child support pursuant to the Michigan decree, (2) increase child support payments, and (3) order the appellee to return the parties' minor child, Melissa, to the appellant. On July 29, 1987, the appellee filed his own motion requesting the trial court to award him (1) permanent custody of Melissa, (2) child support for Melissa, and (3) visitation rights with his daughter, Amanda.

On August 18, 1987, the referee entered an agreed order whereby the appellee was granted custody of Melissa Marie Merkel. This agreed entry was pursuant to an election by Melissa to live with the appellee. At the same time, the referee deferred ruling on child support and all other issues relating to this case. Then on September 18, 1987, the referee filed his report and recommendation in which he recommended that the appellee receive permanent custody of Melissa, that the appellee make child support payments to the appellant in the sum of $194 per month, and that visitation be ordered pursuant to the parties' agreement. In particular, the referee stated in paragraph one of his recommendations that:

"(1) Pursuant to the Child Support Computations for Split Custody, Plaintiff be ordered to pay $194.00/ month plus 2% poundage for a total of $197.88/month in support for Amanda. Said payments are to be made by Wage Deduction Order, C/O Air Force Account and Finance Center, Denver, Colorado. In arriving at this calculation, plaintiff's housing allowance has not been included in his income, since he will lose it when he moves into base housing upon proof of custody of Melissa. Defendant's payment of health insurance has not been included, since there is no order to make such payment. Child care has been calculated for the 42 weeks per annum when visitation is not occurring."

The trial court adopted the referee's report and recommendation in its judgment filed on November 2, 1987. The appellant now appeals from the trial court's judgment, and mainly contests the trial court's adoption of paragraph one of the referee's report as stated above.

The appellant raises the following three assignments of error on appeal:

"I. The trial court's exclusion of that portion of appellee's federal income representing his Air Force 'housing allowance' and 'subsistence' allowance from his gross income subject to calculation for child support, was contrary to Ohio law.

"II. The trial court abused its discretion by denying appellant child support during the period the minor child was visiting appellee.

"III. The trial court abused its discretion and acted contrary to Ohio law in excluding from child support calculations the amount of health insurance premiums appellant pays for the minor children."

In her first assignment of error, the appellant contends that the trial court erred by not including the appellee's military housing allowance and subsistence pay in his gross income when determining child support payments. In its judgment, the trial court stated, in pertinent part:

"The military housing and subsistence allowances received by the plaintiff are specifically excluded gross income under Treasury Regulation 1.61-2(B) of the Internal Revenue Ser-

vice. See also, *Jones* v. *U.S.*, 5 AFTR 5297 (Ct. Cl. 1925). Accordingly, the defendant's objections (to the referee's report) are overruled."

First, we note that the appellee did include subsistence allowances in determining his total gross income. The appellee listed his gross income as $2,863 per month on his affidavit of income and expenses. On his earnings statement, which he also filed with the court, the following items were listed by the appellee as part of his gross income: $2,750.75 for entitlement, $446.45 for housing, and *$112.65 for subsistence* (rations) *pay,* totaling $3,309.75. He then subtracted his $446.45 housing allowance from this sum to arrive at the $2,863.00 figure he reported as his gross income. Thus, the appellee clearly included his subsistence pay in determining his gross income. Therefore, we reject the appellant's argument that the trial court erred by excluding the appellee's subsistence pay when determining his total gross income.

We next turn to the appellant's contention that the trial court erred by not including the appellee's housing allowance as a factor in determining his gross income. For the following reasons, we agree with the appellant. C.P. Sup. R. 75 contains the Child Support Guidelines which a trial court is advised to follow, and C.P. Sup. R. 75(H) states in pertinent part:

"For purposes of the Guidelines, 'income' is defined as actual gross income of the parent. Gross income is the total income from all sources during a calendar year whether it is taxable or not.

"Include in gross income salaries, wages, overtime, commissions, royalties, tips, bonuses, rents, dividends, severance pay, pensions, interest, trust income, annuities, reoccurring capital gains * * * or potential cash flow from any source. * * *"

In addition, C.P. Sup. R. 75(C)(1)(c) states in pertinent part:

"Expense reimbursements or in-kind payments received by a parent from self-employment, operation of a business or rents should be counted as income if they are significant and reduce personal living expenses. Such payments might include a company car, free housing, reimbursed meals, or any other benefits."

Although this section deals with self-employment, we find it highly analogous to the facts of this case. It is worthy to note that the section specifically states that free housing is to be considered as part of gross income. Under the facts of this case, we find that the receipt of free housing is a significant benefit for the appellee and that it would be inequitable for the trial court not to consider such a factor in determining his total gross income. Therefore, we hold that the trial court abused its discretion by failing to take into account the appellee's free housing when determining his gross income. We reverse and remand this case to the trial court for a redetermination as to the amount of child support payments that should be awarded after including the appellee's housing allowance in his gross income.

We will now address the appellant's other two assignments of error in light of the fact that we have concluded that this case should be reversed and remanded. In her second assignment of error, the appellant alleges that the trial court erred by basing child support payments on a period of forty-two weeks. We find that the appellant has misinterpreted the trial court's judgment concerning this issue, and, therefore, we reject the appellant's second assignment of error. Essentially, the appellant is arguing that the trial court based its child support award on a forty-two-week period instead of a fifty-two-week period. Upon

review of the record, however, we find that the trial court actually based "daycare" payments of the appellee on a forty-two-week period, and then calculated these daycare payments into its award of child support payments. The referee determined that visitation would be held for ten weeks of the year, and that the appellee would not have to pay for daycare coverage for those ten weeks. Consequently, the referee and the trial court adjusted its award of child support on the basis that daycare would be provided for only forty-two weeks. The trial court did not, however, as the appellant contends, limit child support payments to forty-two weeks. A trial court has broad discretion in determining the amount of child support to be awarded, and we do not find that the trial court abused its discretion on this issue.

The appellant's second assignment of error is overruled.

In her third assignment of error the appellant alleges that the trial court erred by failing to exclude from child support calculations her health insurance payments. In its judgment, the trial court stated:

"The defendant further objects to the referee's failure to include in the child support calculations insurance premiums paid by the defendant. The defendant was under no order to make said payments. Accordingly, the referee did not err in excluding this amount from the child support calculations."

The trial court and referee based their decisions upon the fact that under the prior divorce decree, health insurance coverage was to be provided by the appellee. The evidence in the record established that the appellee did provide health insurance coverage through his employment with the Air Force. The trial court determined that such coverage was sufficient, and we do not feel that the trial court erred or abused its discretion in making that determination. In addition, the referee determined that the appellant's actions of providing additional insurance coverage was purely voluntary and unnecessary. We find that this determination was also purely within the sound discretion of the trial court, and we will not reverse it on appeal.

Accordingly, the appellant's third assignment of error is overruled.

Having sustained the appellant's first assignment of error, we reverse this case and remand it to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KERNS, P.J., and FAIN, J., concur.