609 A.2d 183

**Dorothea R. ALEXANDER**

v.

**Antonio ARMSTRONG, Appellant.**

Superior Court of Pennsylvania.

Argued March 24, 1992.

Filed May 15, 1992.

Leonard R. Parks, Philadelphia, for appellant.

Sandjai Weaver, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before McEWEN, MONTEMURO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the order entered May 22, 1990, directing Antonio Armstrong to pay child support in the amount of $400.00 per month plus $20.00 per month in arrears. Appellant Armstrong contends that the trial court erred in (1) determining that his basic allowance for quarters (BAQ) and variable housing allowance (VHA), which he receives for being in the armed services, are income for the purposes of child support payments; (2) assessing him $1,000.32 for payment of an asthma device for his child since there was medical coverage for the device; and (3) calculating child support payments in violation of Pa. R.Civ.P. 1910.16–5(h). For the following reasons, we affirm.

Appellee, Dorothea Alexander, is the mother of D.A. born April 28, 1989. On September 15, 1989, appellee filed a complaint for support/paternity, naming appellant as D.A.'s father. Appellant signed an acknowledgement of paternity which was adopted by the court in an order dated April 19, 1990. A temporary order of support in the amount of two hundred dollars ($200.00) was entered on April 19, 1990. On May 22, 1990, a full support hearing was held. As a result of that hearing, the trial court made the following findings of fact:

Appellant and Dorothea Alexander, Appellee, are the parents of [D.A.] born April 28, 1989. The parties never married each other.

Appellant is a hospital corpsman third class in the United States Navy. At the commencement of this action, he was stationed at the naval base in Philadelphia and resided off-base with his wife and two children. In June 1990, Appellant was transferred to Okinawa, Japan.

In addition to his base pay of $1124.40 per month, Appellant also receives $314 per month as a basic allowance for quarters (BAQ) and $171 per month as a variable housing allowance (VHA). Those allowances are provided for off-base living expenses when there is no family housing available on-base. Appellant's wife receives these allowances now that he is in Japan. The Court found Appellant's monthly net income to be $1370.86, after mandatory deductions.

Appellee, Dorothea Alexander, is employed by a hospital as a respiratory technician. In addition to [D.A.], Appellee also has a six-year-old daughter for whom she does not receive any child support.

Appellee earns $9.98 per hour and works overtime on a regular basis. The Court found her monthly net income to be $1291.26, after mandatory deductions and reduction for the support of her daughter.

The parties' son, [D.A.], was born with lung problems and continues to suffer from asthma. Because of his condition, Appellee, in response to his doctor's sugges-

tion, purchased respiratory equipment to be used at home for the child. That equipment cost $2000. The child also suffered from a hernia ailment which cost Appellee $60 for a visit to an emergency room for treatment.

Opinion, Braxton, J., at 1–3. Based on the aforementioned factual findings, the trial court determined that the costs of D.A.'s respiratory equipment and the emergency room visits were extraordinary expenses and ordered appellant to pay one-half of the cost of them. Furthermore, the court determined that D.A. required support in the amount of $846.76 per month. As a result, the court ordered appellant to pay $400 per month in support. The court further applied its order retroactively to September 15, 1989 and assessed $20.00 per month in arrears. Appellant then filed a petition for reconsideration, which was denied. This timely appeal followed.

### A.

Initially we note that our scope of review in the present case is limited. We will not disturb a child support order absent a clear abuse of discretion. *Levine v. Levine*, 360 Pa.Super. 297, 300, 520 A.2d 466, 467 (1987); *Remick v. Remick*, 310 Pa.Super. 23, 28–29, 456 A.2d 163, 166 (1983). " 'An abuse of discretion is not 'merely an error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or illwill, as shown by the evidence or the record, discretion is abused.' " *Coffey v. Coffey*, 394 Pa.Super. 194, 196–97, 575 A.2d 587, 588 (1990) (citations omitted); *see also Fee v. Fee*, 344 Pa.Super. 276, 279, 496 A.2d 793, 794 (1985). However, a finding of such abuse of discretion will be made only upon a showing of clear and convincing evidence, and the trial court will be upheld on any valid ground. *Griffin v. Griffin*, 384 Pa.Super. 188, 193, 558 A.2d 75, 78 (1989). *See also Straub v. Tyahla*, 274 Pa.Super. 411, 418 A.2d 472 (1980). With this standard in mind, we can proceed to address appellant's contentions.

## B.

■ Appellant contends that the trial court erred in determining that his basic allowance for quarters (BAQ) and his variable housing allowance (VHA) constituted income for the purpose of calculating child support[1]. Preliminarily, we note that appellant's contention presents an issue of first impression in Pennsylvania, and thus, when necessary, we will look to the law of other jurisdictions for guidance.

Appellant first argues that the definition of "income" in the child support guidelines, Pa.R.Civ.P. 1910.16–1 *et seq.*, as well as the definition of "income" under Pennsylvania support law, 23 Pa.C.S.A. § 4302, contain specific enumerated sources of income and that none of these sources include military allowances. Accordingly, appellant argues that BAQ and VHA are not income under Pennsylvania support law. We disagree.

The definition of "income" which governs support matters in this jurisdiction and which has been incorporated into the child support guidelines, *see* Pa.R.Civ.P. 1910.16–5(b), is set forth in 23 Pa.C.S.A. § 4302. This section provides:

"Income." Includes compensation for services, including *but not limited to,* wages, salaries, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interests; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security ben-

1. Basic allowance for quarters (BAQ) is an amount of money paid to a uniform military person in addition to his base pay to supplement his off-base housing expense. 37 U.S.C.A. § 403. Variable housing allowance (VHA) accompanies BAQ and supplements utility expenses incurred by the military person. 37 U.S.C.A. § 403a. A service person is entitled to BAQ and in most cases, VHA, when either he or his dependents reside outside of military quarters. 37 U.S.C.A. § 403. *See* Arquilla, *Family Support, Child Custody, and Paternity,* 112 Mil. L.Rev. 17, 40 (1986).

efits; temporary and permanent disability benefits; workmen's compensation and unemployment compensation.

(emphasis added). This section does not limit income merely to the type of compensation listed, but instead, through the use of the words "but not limited to," includes any compensation of services. Thus, the fact that BAQ and VHA are not included within the examples provided is not dispositive of the issue of whether they are income under Pennsylvania support law.

Appellant next argues that the Internal Revenue Code does not tax BAQ or VHA allowance as income and thus such sums should not be considered as income to him in computing child support. Appellant's argument is meritless.

The fact that the Internal Revenue Code excludes from gross income qualified military benefits, of which military allowances are a part, *see* 26 U.S.C.A. § 134, is of little weight in the determination of whether BAQ and VHA should be included as income in calculating child support. The purposes underlying the two calculations are different. The Internal Revenue Code is concerned with reaching an amount of taxable income. The support law of Pennsylvania, on the other hand, is concerned with reaching the amount of income of both parents in order to determine the amount each parent can pay for the support of their child. *See* Pa.R.Civ.P. 1910.16–1. Furthermore, if the Pennsylvania legislature intended its definition of income for child support purposes to parallel the calculation of income for tax purposes, then the language of the child support statutes or guidelines would have reflected this. It does not.

Appellant next argues that under the federal regulations promulgated pursuant to 42 U.S.C. § 659 (1975), which provides for enforcement of the support obligations of federal employees, BAQ and VHA are not included within the definition of "remuneration of employment," are not garnishable and thus, are not income. 5 C.F.R. §§ 581.-102(i) and 581.104(h)(2)(ii) and (iii). We disagree.

First, § 581.102(i) defines "remuneration for employment" as follows:

> compensation paid or payable for personal services, whether such compensation is denominated as wages, salary, commission, bonus, pay, or otherwise, and includes *but is not limited to* those items set forth in § 581.103.

(emphasis added). As the above-cited definition indicates, "remuneration" is not limited to those items listed in § 581.-103. Thus, the fact that military allowances are not included within this definition is not dispositive of whether military allowances are remuneration. Furthermore, § 581.103 provides examples of what is *not* considered remuneration and does not mention BAQ and VHA.

Second, the United States Supreme Court in *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), held that the inability to subject certain federal benefits to garnishment does not prohibit a state court from utilizing them in child support proceedings. In *Rose*, the Court was faced with the issue of whether a veteran could be held in contempt in a state court for failure to pay child support when his only income was from veteran's benefits. The Court stated that "[w]hile [veteran's benefits] are exempt from garnishment or attachment while in the hands of the Administrator, we are not persuaded that once these funds are delivered to the veteran a state court cannot require that the veteran use them to satisfy an order of child support." *Id.* at 637, 107 S.Ct. at 2039.

In the case at hand, the inclusion of appellant's BAQ and VHA payments as part of his income does not conflict with the federal law governing enforcement of support obligations. While the trial court did attach appellant's military wages in order to ensure his payment of $400.00 child support, such payment can be made directly from appellant's monthly base salary of $1,121.40. Moreover, as the Supreme Court held in *Rose*, once appellant receives his BAQ and VHA, a state court can order him to use them to satisfy his child support obligations.

Appellant next asks this court to follow the lead of the Court of Civil Appeals of Alabama in *Riley v. Riley*, 562 So.2d 265 (1990), and find that for support purposes, BAQ and VHA are not income. The appellate court of Alabama, however, never made such a determination. In *Riley*, Mrs. Riley petitioned the trial court for return of custody of her two minor children from the father and for child support. The court granted her petition, but in calculating child support, did not include within Mr. Riley's gross income his BAQ and VHA. Mrs. Riley appealed to the Court of Civil Appeals of Alabama, contending that under Rule 32 of the Alabama Rules of Judicial Administration, the court was required to include BAQ and VHA as part of her husband's income. The appellate court affirmed on the grounds that at the time that the child support order was entered, Rule 32 was not binding on the court and furthermore, there was no evidence that Mr. Riley even received BAQ and VHA. Accordingly, the court never reached the issue of whether BAQ or VHA was income for child support purposes. Thus, appellant's reliance on this case is misplaced.

Appellant's final argument is that by finding that BAQ and VHA should be included within income, the trial court was discriminating against servicemen and their dependents who live off base. Specifically, appellant argues that if the lower court was presented with the situation of a serviceman living on base, with all other variables the same as appellant's, the lower court clearly would not have considered the housing he receives when determining his child support obligation. Because this is not the situation in the case at hand, we decline to consider this issue now. However, we do note that appellant does not present any evidence that the trial court "clearly" would not have considered the value of on-base housing, nor does appellant discuss the discriminatory impact on a dependent such as D.A. who does not live with his military parent and thus, does not receive any benefit from the employer-supplemented housing whether it be on- or off-base.

As determined above, both Pennsylvania and federal law do not prohibit including BAQ and VHA within income when calculating income for child support purposes. Furthermore, appellant has not cited, nor has our own research discovered, any case law which has determined BAQ and VHA not to be income.[2]

Finally, relevant to our analysis is the fact that the Pennsylvania Child Support Guidelines, Pa.R.Civ.P. 1910.-16-1 *et seq.*, are based on the concept that the child should receive the same proportion of parental income that he or she would have received if the parents lived together. Explanatory Comment—1989, Pa.R.Civ.P. 1910.16-5. If

**2.** Instead we have found two cases which have determined BAQ and VHA to be income: *Hautala v. Hautala*, 417 N.W.2d 879 (1988) and *Peterson v. Peterson*, 98 N.M. 744, 652 P.2d 1195 (1982). In *Hautala*, Mr. Hautula, a Master Sergeant in the United States Air Force, contended that the trial court erred in considering BAQ and VHA as income because it was not included in the specifically enumerated sources of income provided by the code and because it is not garnishable under federal law. The Supreme Court of South Dakota affirmed, holding that the definition of "income" provided in the support statutes was not exclusive as evidenced by the broad wording of the statute and the use of the word "includes." Furthermore, the Court, citing *Rose v. Rose, supra,* held that the fact that BAQ and VHA are not garnishable does not preclude their being income. *Hautala, supra,* 417 N.W.2d at 881.

In *Peterson v. Peterson, supra,* Mr. Peterson, a Technical Sergeant in the United States Air Force, appealed from an order increasing his child support payments on the basis that his income increased due to his receiving BAQ, VHA and BAS (basic allowance for subsistence) (food allotment). Sgt. Peterson contended that his military allowances were not income because they were not subject to garnishment under federal law. The Supreme Court, focusing only on 42 U.S.C.A. § 659 and the legislative history of that section, held that military allowances for off-base housing are "payments under the Federal programs in which entitlement is based in employment.... [and] [t]herefore.... are proper sources of income that a state trial court can consider in determining whether there has been a financial change of circumstances sufficient to warrant an increase of child support payments." *Peterson v. Peterson, supra,* 652 P.2d at 1198.

As further support for including BAQ and VHA within income *see* Connors, *Resolving Child Support Issues Beyond the Scope of AR 608-99,* 132 Mil.L.Rev. 67, 78 (1991) (BAQ, VHA, and BAS should be included when calculating a military person's total income because these in-kind benefits received by the service person increase their income).

D.A. was living with appellant or appellant's new family, he would share in the benefit from the allowances appellant receives from the Navy for housing and utilities. However, because appellant does not live with appellant or appellant's family, he does not receive any benefit from them. Accordingly, in keeping with the guidelines, we must include in appellant's income his BAQ and VHA. Thus, we find that the trial court did not abuse its discretion in so doing.

## C.

██ Appellant's second contention is that the trial erred in ordering him to pay one-half the cost of the breathing apparatus purchased by appellee for D.A. Specifically, appellant argues that appellee never presented any evidence to substantiate her allegation that the breathing apparatus cost $2,000.63. Moreover, appellant argues that the appellee could have obtained insurance through her employer to cover the cost of the equipment, but instead willfully did not do so. Finally, appellant argues that the trial court erred in assigning his portion of the cost of the apparatus as an ongoing support obligation. Appellant's claims are meritless.

Preliminarily, we note that under 23 Pa.C.S.A. § 4324, a trial court may order the obligor to pay, in addition to periodic support payments, a designated percentage of the child's health care expenses, provided that those expenses are reasonable and necessary. Here, appellee testified that D.A. has suffered lung problems since birth. She testified that, as a result, D.A.'s doctor recommended that she obtain a breathing apparatus for D.A. She further testified that she had utilized the apparatus when caring for D.A. N.T., May 22, 1990, at 9. Appellant also testified that when D.A. visited him, he had needed to use the machine to care for D.A. *Id.* at 77. Accordingly, we find that the trial court did not abuse its discretion in finding that the breathing apparatus was a reasonable and necessary expense.

Appellee testified that she had canceled the insurance that she had on D.A. based on appellant's representations

that D.A. would be covered under his military insurance plan. However, when she was denied coverage by appellant's insurer, she paid for the breathing apparatus herself. She testified that as a result, she rented and then purchased the apparatus from the hospital where she was employed and thus, was able to obtain a loan with a favorable repayment schedule. *Id.* at 22. Appellee then presented the court with evidence of the total cost of the machine ($2000.63), her initial payment ($1400.00), the amount remaining ($600.63) and her repayment schedule ($50.00 biweekly). *Id.* at 24–32. Accordingly, we find that the trial court did not abuse its discretion in finding that the total cost of the apparatus was $2000.63. Furthermore, given the extensive testimony concerning the parties' financial situation, we find that the trial court did not abuse its discretion in ordering appellant to pay one-half of the total cost. *See Lyons v. Lyons,* 401 Pa.Super. 271, 284–85, 585 A.2d 42, 49 (1991).

Finally, we note that it is within the sound discretion of the trial court to determine the method of reimbursement. Here, the trial court provided appellant with two months in which to submit necessary documentation to his medical insurer. The court then ordered that if appellant's insurer did not pay for the machine, appellant must pay appellee within ten months one half its cost at a rate of $100.00 per month. Again, we find no abuse of discretion in the court's repayment method.

### D.

■ Appellant's last contention is that the child support order violates Rule 1910.16–5(h) of the Support Guidelines, which provides:

Child Care Expenses. Reasonable child care expenses paid by the the parent, if necessary to maintain employment, are the responsibility of both parents. Normally, the burden will be divided between the parents by determining the reasonable child care expenses and adding one-half of this amount to the monthly obligation.

When the custodial parent is employed, the obligor's total support obligation including the obligor's share of child care expenses, will usually be less than the total support obligation that would have been established if the custodial parent was not employed. However, the total support obligation of the obligor, including the obligor's share of the child care expenses, shall never exceed the total support obligation that would have been established, if the custodial parent were not employed and therefore, had no child care expenses necessary to maintain employment.

Appellant argues that his total support obligation, including his share of the child care expenses, exceeds the total support obligation that would have been required had appellee been employed, and thus the trial court's order is invalid. Appellant contends that according to the guidelines, his monthly support obligation can be no more than $294.55.[3]

It is clear that the trial court did not follow Rule 1910.16–5(h) when it ordered appellant to pay $400.00 per month plus $20.00 per month in arrears[4]. However, the court recognized that its order exceeded the limit created by the rule, but stated that it was deviating from the guidelines, and specifically Rule 1910.16–5(h), in order to factor in the extraordinary medical expenses incurred as a result of D.A.'s medical problems. Opinion, Braxton, J., at 4–6. Because the support guidelines are only a starting point and the court is obligated to deviate from them if the special needs of the child or the parents mandate, see Pa.R.Civ.P. 1910.16–5(a), and because the record does indicate that D.A. suffers from continuing medical problems, we cannot say that the trial court abused its discretion in setting appel-

3. We note that the second paragraph of Rule 1910.16–5(h), upon which appellant relies, is deleted in the proposed amendments to the child support guidelines. See Pennsylvania Bulletin, Vol. 22, No. 13., Sat. Mar. 28, 1992, at 1383.

4. Applying Rule 1910.16–5(h), we find that appellant's support obligation would total $294.73 per month.

276

lant's support obligation at $400.00 per month plus $20.00 per month in arrears. Accordingly we affirm.

Affirmed.