*In re* MARRIAGE OF MARGARET McGOWAN, Petitioner-Appellant, and GARY P. McLAUGHLIN, Respondent-Appellee.

First District (3rd Division)    No. 1—93—3212

Opinion filed August 3, 1994.

J. Daniel Azulay and Stephen D. Berman, both of Azulay & Azulay, P.C., of Chicago, for appellant.

No brief filed for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

In determining the amount of child support payable by respondent, Gary McLaughlin, to petitioner, Margaret McGowan, the trial court excluded from the statutory guidelines provided in the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/101 *et seq.* (West 1992)) certain allowances paid to respondent by reason of his employment as an active member of the United States armed forces. The trial court also provided a plan for respondent to pay the arrearage for medical expenses incurred on behalf of the parties' minor child.

Petitioner contends on appeal: (1) the trial court should have included respondent's military allowances or benefits in determining the amount of child support; and (2) the installment plan for the satisfaction of the arrearage is improper since it requires an interest rate to be imposed upon the balance due from time to time and mandates an excessive period for the payment of the obligation.

We reverse as to the trial court's failure to include the allowances

in the computation of child support, and affirm as to the disposition of the arrearage.

This opinion is filed pursuant to the provisions of Illinois Supreme Court Rule 23(a)(1). Official Reports Advance Sheet No. 15 (July 20, 1994), R. 23, effective July 1, 1994.

In addition to a soldier's base pay, Congress has provided an allowance for quarters to supplement off-base housing expenses (BAQ), a variable housing allowance (VHA) and a basic allowance for subsistence (BAS). The record shows that all of respondent's military allowances added to his base pay minus his income tax deductions provide him with a monthly income of $2,206.36, which would yield a monthly child support obligation of $441.27 for his and petitioner's minor child under the relevant statutory guidelines, which establish child support payments amounting to 20% of the payor's net income for a single child. (750 ILCS 5/505(a)(1) (West 1992).) The trial court, however, determined respondent's child support obligation by subtracting his BAQ, VHA and BAS allowances and deducting for taxes to reduce the amount of child support to $282 a month.

●1 The Act defines "net income" in an all-inclusive manner and then specifies the sums excluded from the formula. Section 505(a)(3) of the Act provides:

"(3) 'Net income' is defined as the total of *all* income from *all* sources, minus the following deductions:

(a) Federal income tax (properly calculated withholding or estimated payments);

(b) State income tax (properly calculated withholding or estimated payments);

(c) Social Security (FICA payments);

(d) Mandatory retirement contributions required by law or a condition of employment;

(e) Union dues;

(f) Dependent and individual health/hospitalization insurance premiums;

(g) Prior obligations of support or maintenance actually paid pursuant to a court order;

(h) Expenditures for repayment of debts that represent reasonable and necessary expenses for the production of income, medical expenditures necessary to preserve life or health, reasonable expenditures for the benefit of the child and the other parent, exclusive of gifts. The court shall reduce net income in determining the minimum amount of support to be ordered only for the period that such payments are due and shall enter an order containing provisions for its self-executing modification upon termination of such payment period." (Emphasis added.) (750 ILCS 5/505(a)(3) (West 1992).)

Courts are required to give the language employed by the General Assembly in the enactment of a statute its plain and ordinary meaning. (See *Scadron v. City of Des Plaines* (1992), 153 Ill. 2d 164, 185, 606 N.E.2d 1154.) Hence, the Act's reference to "all sources" must be given effect to include military allowances in the computation of child support.

Moreover, we recognize that the Act has been broadly interpreted to include as income the lump sum settlement from a workers' compensation injury (*In re Marriage of Dodds* (1991), 222 Ill. App. 3d 99, 583 N.E.2d 608); income from investments as well as bonuses from a closely held corporation (*In re Marriage of Olson* (1992), 223 Ill. App. 3d 636, 585 N.E.2d 1082); and passive income from bonds and securities (*In re Marriage of Harmon* (1991), 210 Ill. App. 3d 92, 568 N.E.2d 948). The courts have also determined "income" includes the availability of additional spendable funds due to a spouse's income (*In re Marriage of Keown* (1992), 225 Ill. App. 3d 808, 587 N.E.2d 644), and nonrecurring income is not deductible from net income (*In re Marriage of Hart* (1990), 194 Ill. App. 3d 839, 551 N.E.2d 737).

We also recognize, however, that the Act contemplates circumstances which dictate that a court exercise its discretion to employ less than the statutory guidelines with regard to "net income." In those cases, the court must articulate its reasons in writing. 750 ILCS 5/505(a)(2) (West 1992).

For example, if the allowance granted is predicated upon the cost of living at the soldier's station, the court can consider whether he or she requires the entire amount to satisfy housing or other needs. In this regard, the court might determine whether the soldier shares his or her housing expenses with another person.

While this is a case of first impression in Illinois, it is not the first time courts have considered military allowances or entitlement in fixing child support. At least six States have previously addressed this issue and reached conclusions consistent with the majority.

Five States have determined that military allowances are a species of renumeration subject to child support payments. (*Alexander v. Armstrong* (1992), 415 Pa. Super. 263, 609 A.2d 183; *Hautala v. Hautala* (S.D. 1988), 417 N.W.2d 879; *Merkel v. Merkel* (1988), 51 Ohio App. 3d 110, 554 N.E.2d 1346; *Jackson v. Jackson* (Minn. Ct. App. 1987), 403 N.W.2d 248; *Peterson v. Peterson* (1982), 98 N.M. 744, 652 P.2d 1195.) The court of the sixth State, in *Riley v. Riley* (Ala. App. 1990), 562 So. 2d 265, found no abuse of discretion in declining to consider military allowances as income where there were no mandatory child support guidelines at the time of the court order;

however, the subsequent Alabama statute provided for mandatory child support guidelines to include consideration of such allowances.

The allowances at issue are not subject to Federal income tax nor are they subject to garnishment. The argument is made that such criteria should be used in determining whether they are included in the computation to which the guidelines are applied. However, "income" for tax purposes is not synonymous with "income" for determining child support. (See *In re Marriage of McBride* (1988), 166 Ill. App. 3d 504, 510, 519 N.E.2d 1095.) The fact that the Internal Revenue Code excludes from gross income qualified military benefits, of which military allowances are a part (see 26 U.S.C.A. § 134 (West Supp. 1993)), is of little weight in determining whether to include BAQ, VHA or BAS as income in calculating child support. (*Alexander*, 609 A.2d at 186.) The purposes of the two calculations are different. While the Internal Revenue Code is concerned with reaching an amount of taxable income, the support provisions in the Act deal with reaching the amount of income of both parents in order to determine the sum each parent can pay for the support of their child. *Alexander*, 609 A.2d at 186, citing Pa. R. Civ. P. 1910.16—1 (1994).

Moreover, if the Illinois legislature "intended its definition of income for child support purposes to parallel the calculation of income for tax purposes, then the language of the child support statutes or guidelines would have reflected this." (*Alexander*, 609 A.2d at 186.) It clearly does not.

Whether or not the funds can be reached by garnishment is also not appropriate in considering what is included in the child support formula. *Hautala* and *Peterson* stand for the proposition that, under Federal law, military allowances are not subject to garnishment and are beyond the reach of creditors, including the recipients of child support. (See *Hautala*, 417 N.W.2d at 881; *Peterson*, 652 P.2d at 1198.) Regulations promulgated pursuant to 42 U.S.C. § 659 (1991), which provide for enforcement of support obligations of Federal employees, clearly state that BAQ, VHA and BAS are not garnishable. (*Hautala*, 417 N.W.2d at 881, citing 5 C.F.R. § 581.104(h)(2) (1980).) The Federal laws and regulations cited above are not in conflict with the Act. As the Supreme Court stated in *Rose v. Rose* (1987), 481 U.S. 619, 635, 95 L. Ed. 2d 599, 614, 107 S. Ct. 2029, 2039, "While it may be true that these funds are exempt from garnishment or attachment while in the hands of the Administrator, we are not persuaded that once these funds are delivered to the [soldier] a state court cannot require that [soldier] to use them to satisfy an order of child support." The Court recognized that Congress intended the Federal law to avoid

sovereign immunity problems, not to shield income from valid support orders. *Hautala*, 417 N.W.2d at 881; *Peterson*, 652 P.2d at 1198 (Congress enacted section 659 to ensure a divorced military spouse would continue to provide financial support, so long as was required, to either his former spouse or to children of the marriage, or both).

This case does not present a supremacy of laws issue. To the contrary, the Department of Defense by regulation and otherwise encourages members of the armed forces to fulfil their family commitments. (See Army Regulation 608-99, par. 2—4(b) (1985).) Since most soldiers are mindful of these responsibilities, there is no reason to judicially legislate an exception to our income guidelines for child support. Accordingly, the trial court erred in excluding the stated allowances as income under section 505(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/505(a)(3) (West 1992)).

As to the second issue, the trial court found respondent in arrears to petitioner in the amount of $3,672.63 for therapy provided to the parties' minor child and directed that respondent satisfy this sum by the payment of monthly installments of $98, the obligation to bear interest at the rate of 6% per year. Respondent states he is unsure whether the court's determination impliedly authorizes him to pay petitioner for future therapy obligations as well.

●2 Requiring respondent to pay the therapy bills most certainly requires a finding that he is responsible for such medical expenses in the future, although a future court may be called upon to ensure that subsequent medical expenses are within the ambit of the judgment of dissolution. We recognize the payment plan is generous; however, the plan is within the trial court's discretion, which we are not inclined to disturb on review.

For the foregoing reasons, we affirm the trial court in its treatment of the arrearage, reverse as to its exclusion of allowances granted to military personnel, and remand to provide the trial court an opportunity to set child support in accordance with the dictates of the Illinois General Assembly's child support guidelines while allowing respondent the occasion to interpose any special circumstances to which he might avail himself.

Affirmed in part; reversed in part and remanded with directions.

TULLY, P.J., and CERDA, J., concur.