*In re* MARRIAGE OF ELIZABETH BENISH, Petitioner-Appellant, v. LEE BENISH, Respondent-Appellee.

First District (3rd Division)    No. 1—94—0138

Opinion filed June 30, 1995.

Carroll A. Barry and Valerie K. Sewell, both of Feinberg & Barry, P.C., of Chicago, for appellant.

Lee Benish, of Chicago, appellee *pro se*.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Petitioner Elizabeth Benish (Elizabeth) appeals an order entered in post-judgment dissolution proceedings allowing respondent Lee Benish (Lee) to subtract monthly installments paid to satisfy credit card debt from his gross income in determining his net income for child support purposes.

The sole issue raised on appeal is whether the trial court erred in allowing Lee this deduction.

For the reasons which follow, we reverse the trial court's order and remand with instructions to disallow the deduction and determine a child support award consistent with this opinion.

After 12 years of marriage, Elizabeth and Lee Benish obtained a judgment for dissolution of marriage (Judgment) on August 21, 1987. The Judgment incorporated the parties' marital settlement agreement (Agreement), which provided Elizabeth and Lee joint custody of their two minor children. The Agreement further provided that Lee pay $1,050 per month in child support, an amount based on his 1987 income of $42,000. Additionally, Lee was liable for the payment and satisfaction of the second mortgage on the marital residence, as well as certain credit card debts which were incurred during the marriage. The Agreement specified that if Elizabeth was required to satisfy any of these obligations, Lee would reimburse her for such sums as additional maintenance.

On August 21, 1991, Elizabeth filed a petition for rule to show cause, alleging nonpayment of child support, failure to retire the second mortgage on the marital residence, failure to make a lump sum payment of $40,000, and failure to deliver a quit claim deed on the marital residence. Lee, claiming a reduction in income, filed a petition for reduction of child support on September 12, 1991.

A hearing was conducted on June 10, 1992, during which the trial court found Lee to have willfully failed to pay (1) the second mortgage on the marital residence; (2) a lump sum payment of $40,000 owed Elizabeth; and (3) full child support for 1991 and 1992. To purge himself from contempt, Lee filed his plan of purge on July 1, 1992. Lee's petition to modify child support remained pending at this time.

On August 21, 1992, the trial court accepted Lee's plan of purge, ordering Lee to pay Elizabeth $1,000 per month for child support. Lee's petition to modify child support again remained pending.

Lee filed bankruptcy on February 23, 1993, reaffirming the second mortgage on the marital home and the consolidated credit card debt. The parties agreed that the obligation to satisfy this debt, as far as Elizabeth was concerned, was in the nature of support and maintenance, and thus not dischargeable under section 523 of the Bankruptcy Act. 11 U.S.C. § 523(a)(1)(A) (1988).

On September 28, 1993, the trial court ordered Lee to pay Elizabeth the sum of $26,231, the balance of the second mortgage and the consolidated credit card debt, in monthly installments of $500. The trial court continued Lee's petition to reduce child support to November 30, 1993.

At the November hearing, Lee argued that he should be allowed to deduct from his gross income the credit card obligation owed pursuant to the parties' Agreement. Elizabeth argued that section 505(a)(3) of the Illinois Marriage and Dissolution of Marriage Act did not provide for such a deduction. (750 ILCS 5/505(a)(3) (West 1992).) Elizabeth argued further that modification downward was unwarranted since Lee's current gross income was $77,000 annually, $35,000 more than the $42,000 on which the initial award of child support was based. The trial court entered an order allowing the deduction on December 1, 1993, from which Elizabeth appeals.

Section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) controls the determination of a parent's child support obligation, establishing statutory guidelines for a parent's responsibility unless the trial court finds reason to deviate from the guidelines. (750 ILCS 5/505(a) (West 1992); *In re Marriage of Hassiepen* (1995), 269 Ill. App. 3d 559, 646 N.E.2d 1348.) However, modification of a child support award must be based upon a showing of a substantial

change in circumstances. (750 ILCS 5/510(a) (West 1992).) The determination of whether to modify a support obligation lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *Hassiepen,* 269 Ill. App. 3d at 560.

The starting point for the determination of a child support award is to arrive at the supporting party's net income. (750 ILCS 5/505 (West 1992).) Section 505(a)(3) defines net income as total income from all sources, minus the following deductions: (a) Federal income tax; (b) State income tax; (c) social security (FICA payments); (d) mandatory retirement contributions required by law or as a condition of employment; (e) union dues; (f) dependent and individual health insurance premiums; (g) prior obligations of support or maintenance actually paid pursuant to a court order; and (h) expenditures for repayment of debts that represent reasonable and necessary expenses for the production of income, medical expenditures necessary to preserve life or health, reasonable expenditures for the benefit of the child and the other parent, exclusive of gifts. 750 ILCS 5/505(a)(3) (West 1992); *In re Marriage of McGowan* (1994), 265 Ill. App. 3d 976, 638 N.E.2d 695; *In re Marriage of Hart* (1990), 194 Ill. App. 3d 839, 848, 551 N.E.2d 737.

Contrary to Elizabeth's assertion, the characterization of the debt as "credit card debt" does not preclude its deduction from Lee's gross income pursuant to section 505(a)(3). Rather, the determination remains whether the payments toward the credit card debt qualify as deductions under any of the eight criteria listed in section 505(a)(3). The trial court did not specify under which of the eight criteria Lee's payments qualified, finding only that Lee's net income shall be reduced "in consideration of his payments to All American Bank for repayment of debt in accordance with Section 505 of the Marriage and Dissolution Act."

The trial court's ruling seems to implicate subsection (h), and Lee argues that the credit card payments qualify under either subsection (h) or (g). In order for the credit card payments to qualify under subsection (h), Lee must show that the credit card debt was both reasonable and incurred on behalf of the two children or Elizabeth, since production of income and medical expenditures are not here involved.

Lee has presented no evidence as to what and for whom the credit card charges were made. Rather, the credit card debt was consolidated and submitted to the trial court without any itemization or even a conclusive showing that the debt was incurred wholly during the parties' marriage. Moreover, the character and nature of this debt were determined in the original Judgment. Further, subsection (h) has

been held to apply where a noncustodial parent voluntarily contributes to necessary expenses for which he or she is not already obligated to contribute or pay. (*In re Marriage of Baptist* (1992), 232 Ill. App. 3d 906, 912, 598 N.E.2d 278, 284.) Lee's payments are certainly not voluntary since he is obligated to assume and retire the credit card debt under the parties' Agreement and the judgment of dissolution.

■ Accordingly, where there is no showing that the payments meet the parameters of subsection (h), Lee's net income should not be reduced by the amount of such payments. Moreover, we do not invite the trial court to now examine the expenditures represented by the credit cards since this obligation has been dealt with in the original Agreement and Judgment.

In the alternative, Lee contends his monthly payments should be deducted as the payments qualify under subsection (g) as a prior obligation of support or maintenance paid pursuant to a court order. (750 ILCS 5/505(a)(3)(g) (West 1992).) "Prior obligations" within the meaning of section 505(a)(3)(g) refers to obligations from a previous, unrelated action. (*In re Marriage of Zukausky* (1993), 244 Ill. App. 3d 614, 613 N.E.2d 394; *In re Marriage of Baptist* (1992), 232 Ill. App. 3d 906, 598 N.E.2d 278.) Lee's debt payments represent current obligations owed in conjunction with the same marital dissolution in which modification of support payments is being sought. They are not "prior" within the meaning of section 505(a)(3)(g) and therefore are not deductible, as they are not obligations to "a family that is 'first in time' in relation to another family." *In re Marriage of Zukausky*, 244 Ill. App. 3d at 624.

If we were to allow Lee to deduct these payments, he would be receiving a bonus or benefit for his failure to comply with the original settlement between the parties. Parties ought not to be encouraged to violate the terms of a settlement agreement or the judgment that flows from it.

Because Lee's monthly payments toward retirement of the credit card debt fail to qualify under either section 505(a)(3)(g) or (h), we must return this to the trial court.

■ We recognize further that the trial court's ruling fails to mention the substantial change in circumstances which warranted modification of Lee's child support obligation. (750 ILCS 5/510(a) (West 1992).) The record shows an increase in Lee's gross annual income of approximately $35,000, or 83%, which ought to be considered before Lee's child support payments are lowered.

Accordingly, we reverse the order of the trial court and remand with instructions to disallow the deduction and determine a child support award consistent with this opinion.

Reversed and remanded.

TULLY and CERDA, JJ., concur.