THE PEOPLE *ex rel.* CONSTANCE MYERS, Petitioner-Appellee, v. JAMES KIDD, Respondent-Appellant.

Fifth District    No. 5—99—0193

Opinion filed November 5, 1999.

Paul M. Storment III, of Belleville, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor

General, and Diane M. Potts, Assistant Attorney General, of counsel), for appellee.

JUSTICE HOPKINS delivered the opinion of the court:

Respondent, James Kidd, appeals from the trial court's order setting child support for Shahkia Myers, the minor daughter of respondent and petitioner, Constance Myers. The sole issue that respondent raises in this appeal is whether the trial court abused its discretion by ordering respondent to pay child support from his net income, which the court defined to include respondent's income from the firefighters' disability pension fund. We agree with the trial court's determination of net income and affirm.

■ On October 29, 1998, the trial court ordered respondent to pay child support in the amount of $249 every two weeks retroactive to February 1, 1998, plus $25 every two weeks for the arrearages due to that date. Prior to the entry of this order, the trial court heard the parties' arguments regarding how to calculate respondent's net income. Respondent argued in the trial court, and continues to argue in this court, that only income from his current employment could be used to determine his net income for purposes of child support. Respondent's argument is based upon the following language of section 4—135 of the Illinois Pension Code (pension fund statute):

"No portion of the pension fund shall, either before or after a board's order of distribution to any retired firefighter or his or her beneficiaries, be held, seized, taken subject to, or detained or levied on by virtue of any process, injunction interlocutory or other order or judgment, or any process or proceeding whatever issued by any court of this State, for the payment or satisfaction in whole or in part of any debt, damages, claim, demand[,] or judgment against any firefighter or his or her beneficiaries, but the fund shall be held, secured[,] and distributed for the purposes of pensioning such firefighter and beneficiaries and for no other purposes whatever." 40 ILCS 5/4—135 (West 1996).

Respondent argues that his pension cannot be used to satisfy any judgment against him and that "any new or existing support order" entered by the court pursuant to section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/505 (West 1996)) (child support statute) "shall be deemed to be a series of judgments against the person obligated to pay support thereunder, each such judgment to be deemed entered as of the date the corresponding payment or installment comes due" (see 750 ILCS 5/505(d) (West 1996)). Respondent contends that due to the "conflict" between the language of the pension fund statute and the child support statute, "the pension money cannot[ ] and should not be counted as 'net income' " as

defined in the child support statute. Additionally, respondent argues that his pension is not subject to federal income taxes and, as such, cannot be included in his net income for child support purposes.

■ The child support statute states as follows:

" 'Net income' is defined as the total of all income from all sources, minus the following deductions:

(a) Federal income tax (properly calculated withholding or estimated payments);

(b) State income tax (properly calculated withholding or estimated payments);

(c) Social Security (FICA payments);

(d) Mandatory retirement contributions required by law or as a condition of employment;

(e) Union dues;

(f) Dependent and individual health/hospitalization insurance premiums;

(g) Prior obligations of support or maintenance actually paid pursuant to a court order;

(h) Expenditures for repayment of debts that represent reasonable and necessary expenses for the production of income, medical expenditures necessary to preserve life or health, reasonable expenditures for the benefit of the child and the other parent, exclusive of gifts." 750 ILCS 5/505(a)(3) (West 1996).

Significantly, respondent does not argue that his pension income falls under any of the deductions listed in section 505(a)(3), but he argues only that the language of the pension fund statute must take precedence over the child support statute. Respondent is incorrect. In an analogous factual scenario, the First District Appellate Court has determined that the broad language of section 505 "must be given effect to include military allowances in the computation of child support." *In re Marriage of McGowan*, 265 Ill. App. 3d 976, 978 (1994).

■ In *McGowan*, the court considered whether the father's military allowances for housing and subsistence, which were paid to the father in addition to his regular base pay, should be included in the calculation of net income for child support purposes. The allowances at issue in *McGowan* were not subject to federal income tax or garnishment. *McGowan*, 265 Ill. App. 3d at 979. Just as in the case at bar, the court in *McGowan* had to determine whether the criteria of exemption from federal income taxes and exemption from garnishment were sufficient to shield the funds from inclusion in net income for child support calculations. The court found that neither criterion was sufficient to shield the funds. *McGowan*, 265 Ill. App. 3d at 979.

The court in *McGowan* held that " 'income' for tax purposes is not synonymous with 'income' for determining child support." *McGowan*,

265 Ill. App. 3d at 979. "While the Internal Revenue Code is concerned with reaching an amount of taxable income, the support provisions in the Act deal with reaching the amount of income of both parents in order to determine the sum each parent can pay for the support of their child." *McGowan*, 265 Ill. App. 3d at 979. As an additional basis, the court also found that if the Illinois legislature had been inclined to define income for child support purposes in a manner parallel to the income tax definition, then the language of the child support statute would so clearly indicate. Since *it does not, the first district refused to add such language.* *McGowan*, 265 Ill. App. 3d at 979.

The court additionally determined that the criterion of "[w]hether or not the funds can be reached by garnishment is also not appropriate in considering what is included in the child support formula." *McGowan*, 265 Ill. App. 3d at 979. In reaching this conclusion, the *McGowan* court relied upon a decision of the United States Supreme Court:

> " 'While it may be true that these funds are exempt from garnishment or attachment while in the hands of the Administrator, we are not persuaded that once these funds are delivered to the [soldier] a state court cannot require that [soldier] to use them to satisfy an order of child support.' The Court recognized that Congress intended the Federal law to avoid sovereign immunity problems, not to shield income from valid support orders." *McGowan*, 265 Ill. App. 3d at 979-80, quoting *Rose v. Rose*, 481 U.S. 619, 635, 95 L. Ed. 2d 599, 614, 107 S. Ct. 2029, 2039 (1987).

■ We follow the rationale expressed in *McGowan* and determine that the trial court did not abuse its discretion when it included respondent's firefighters' pension funds in the net income used to calculate the child support due for respondent's daughter.

This case was brought under the Illinois Parentage Act of 1984 (750 ILCS 45/1 *et seq.* (West 1996) (the Parentage Act)), section 14 of which provides that "in determining the amount of any child support award, the court shall use the guidelines and standards set forth in subsection (a) of Section 505 *** of the Illinois Marriage and Dissolution of Marriage Act," and "[f]or purposes of Section 505 ***, 'net income' of the non[ ]custodial parent shall include any benefits available to that person under the Illinois Public Aid Code or from other federal, State[,] or local government-funded programs." 750 ILCS 45/14(a)(1) (West 1996). The Parentage Act also specifically states that payments from a local government entity are to be considered as "net income" attributable to the obligor (noncustodial parent) for purposes of setting child support. 750 ILCS 45/14(a)(1) (West 1996). Therefore, the payments to respondent from the firefighters' pension fund of the

City of East St. Louis constitute payments from a local government entity that are specifically included in net income under the Parentage Act.

For all of these reasons, the trial court did not abuse its discretion when it included respondent's income from his pension when it determined the level of child support respondent owes for his daughter.

Affirmed.

WELCH and MAAG, JJ., concur.