THOMPSON, Presiding Judge.
Elliott B. Norman (“the father”) appeals from a judgment modifying child support. The father and Tamatha K. Norman (“the mother”) were divorced in 1998. The mother was awarded custody of the parties’ children, and the father was ordered to pay child support. The record indicates that in November 2006 the mother filed a petition seeking to modify child support, among other things not germane to this appeal. On June 25, 2009, after a number of continuances for various reasons, including the father’s motion to stay the proceedings pursuant to the Servicemembers Civil Relief Act,[1] the trial court entered a judgment increasing the father’s child-support obligation. In calculating the father’s child-support obligation, the trial court included as income the military allowances that the father receives for housing and subsistence. The father appeals.
The father asserts that his military allowances are not “income” for purposes of determining his child-support obligation. This court has previously determined that the position advocated by the father as to this issue lacks merit. Rule 82(B)(2)(a), Ala. R. Jud. Admin., defines “gross income” as follows:
“(a) ‘Gross income’ includes income from any source, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, Social Security benefits, workers’ compensation benefits, unemployment-insurance benefits, disability-insurance benefits, gifts, prizes, and preexisting periodic alimony.”
(Emphasis added.)
In Barnes v. State ex rel. Cassady, 686 So.2d 425, 427 (Ala.Civ.App.1994), this court held that, for purposes of determining the child-support obligation of the father in that case, the trial court did not err in including the father’s military allowances for housing and career sea pay in calculating his gross income. Barnes is indistinguishable from this case. Thus, we conclude that the trial court properly considered the father’s military allowances as “income” for purposes of determining his child-support obligation.
The father contends that by including those allowances as gross income, the trial court violated the Supremacy Clause of the United States Constitution. U.S. Const., art. VI, cl. 2. He asserts that because the housing and subsistence allowances provided to him by the military are not subject to federal income tax, they should not be subject to inclusion as income for purposes of computing his child-support obligation. The father does not provide this court with any authority standing for the proposition that a state court cannot consider military allowances as income when determining child support. In fact, the Supremacy Clause will rarely be invoked to override state law or policy *1109 in the area of domestic relations, except when a state’s domestic-relations and marital-property laws do major damage to clear and substantial federal interests. United States v. Yazell, 382 U.S. 341, 352, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966).
Our research reveals no Alabama cases on point. The Appellate Court of Illinois has addressed the issue and held that a state court may consider military allowances in determining child support without running afoul of the Supremacy Clause. In re Marriage of McGowan, 265 Ill.App.3d 976, 638 N.E.2d 695, 202 Ill.Dec. 827 (1994). The Illinois court explained its holding as follows:
“The allowances at issue are not subject to Federal income tax nor are they subject to garnishment. The argument is made that such criteria should be used in determining whether they are included in the computation to which the guidelines are applied. However, ‘income’ for tax purposes is not synonymous with ‘income’ for determining child support. (See In re Marriage of McBride (1988), 166 Ill.App.3d 504, 510, 116 Ill.Dec. 880, 519 N.E.2d 1095.) The fact that the Internal Revenue Code excludes from gross income qualified military benefits, of which military allowances are a part (see 26 U.S.C.A. § 134 (1993)), is of little weight in determining whether to include BAQ, VHA or BAS [military allowances for housing and subsistence] as income in calculating child support. (Alexander [v. Armstrong, 415 Pa.Super. 263,] 609 A.2d [183,] 186 [ (1992) ].) The purpose of the two calculations are different. While the Internal Revenue Code is concerned with reaching an amount of taxable income, the support provisions in the Act deal with reaching the amount of income of both parents in order to determine the sum each parent can pay for the support of their child. Alexander, 609 A.2d at 186, citing Pa. R. Civ. P. 1910.16-1.
“Moreover, if the Illinois legislature ‘intended its definition of income for child support purposes to parallel the calculation of income for tax purposes, then the language of the child support statutes or guidelines would have reflected this.’ (Alexander, 609 A.2d at 186.) It clearly does not.
“Whether or not the funds can be reached by garnishment is also not appropriate in considering what is included in the child support formula. Hautala [v. Hautala, 417 N.W.2d 879 (S.D.1988) ], and Peterson [v. Peterson, 98 N.M. 744, 652 P.2d 1195 (1982),] stand for the proposition that under Federal law, military allowances are not subject to garnishment and are beyond the reach of creditors including the recipients of child support. (See Hautala, 417 N.W.2d at 881; Peterson, 98 N.M. at 747, 652 P.2d at 1198.) Regulations promulgated pursuant to 42 U.S.C. § 659 (1991), which provide for enforcement of support obligations of Federal employees, clearly state that BAQ, VHA and BAS are not garnishable. (Hautala, 417 N.W.2d at 881, citing 5 C.F.R. § 581.104(h)(2) (1980).) The Federal laws and regulations cited above are not in conflict with the Act. As the Supreme Court stated in Rose v. Rose (1987), 481 U.S. 619, 635, 107 S.Ct. 2029, 2039, 95 L.Ed.2d 599, 614, ‘[W]hile it may be true that these funds are exempt from garnishment or attachment while in the hands of the Administrator, we are not persuaded that once these funds are delivered to the [soldier] a state court cannot require that [soldier] to use them to satisfy an order of child support.’ The Court recognized that Congress intended the Federal law to avoid sovereign immunity problems, not to shield income *1110 from valid support orders. Hautala, 417 N.W.2d at 881; Peterson, 98 N.M. at 747, 652 P.2d at 1198 (Congress enacted § 659 to ensure a divorced military spouse would continue to provide financial support, so long as was required, to either his former spouse or to children of the marriage, or both).
“This case does not present a supremacy of laws issue. To the contrary, the Department of Defense by regulation and otherwise encourages members of the armed forces to fulfil their family commitments. (See Army Regulation 608-99, par. 2-4(b) (1985).) Since most soldiers are mindful of these responsibilities, there is no reason to judicially legislate an exception to our income guidelines for child support. Accordingly, the trial court erred in excluding the stated allowances as income under 750 ILCS 5/505(a)(3) (West 1992).”
McGowan, 265 Ill.App.3d at 979-80, 638 N.E.2d at 697-98, 202 Ill.Dec. at 829-30.
We agree with the reasoning of the Illinois appellate court. As is the case in Illinois, under Alabama law, the definitions of “gross income” and its exemptions for purposes of calculating child support and the definitions of “gross income” and its exemptions for purposes of calculating income taxes are not synonymous. Cf. Rule 32(B)(2)(a) and (b), Ala. R. Jud. Admin., and § 40-18-14, Ala.Code 1975.
Moreover, including military allowances in the definition of gross income for purposes of calculating child support does not do “major damage” to “clear and substantial” federal interests. See Yazell, 382 U.S. at 352. To the contrary, as the Illinois court pointed out, the federal government encourages members of the military to fulfill them family commitments, such as paying child support.
For the reasons set forth above, we conclude that, in calculating the father’s child-support obligation, the trial court properly considered his military allowances for housing and subsistence. Including military allowances in determining a parent’s child-support obligation does not conflict with federal law or trigger Supremacy Clause concerns. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. The record indicates that the father is on active duty in the United States Navy.