903 So.2d 657 (2005)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES in the interest of D.F.
v.
L.T., Jr.
State of Louisiana, Department of Social Services in the interest of J.T.
v.
L.T., Jr.
Nos. 04-CA-1455, 04-CA-1456.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
Rehearing Denied July 1, 2005.
*658 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Joseph R. McMahon, Jr., Lekita G. Robertson, Assistant District Attorneys, Juvenile Court, Harvey, Louisiana, for Plaintiff/Appellant.
Wiley J. Beevers, Raylyn R. Beevers, Steven M. Mauterer, Beevers & Beevers, Gretna, Louisiana, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
The State of Louisiana, Department of Social Services ("the State") appeals two judgments of the trial court ordering Legredis Taylor, Jr. to pay child support to two of his minor children, in two separate trial court cases. In both matters, the trial court found that Taylor's basic allowance for subsidies and basic allowance for housing, paid by the United States Military, were not to be included in his gross income for purposes of calculating child support. The State has appealed the judgments in both cases and those appeals have been consolidated. For the reasons which follow, we affirm both judgments of the trial court.

STATEMENT OF THE CASE
The first trial court case involves the child Devon Francois, born on October 1, 1992 to Floria Francois. On March 29, 2004, a Petition to Prove Paternity and to obtain Child Support was filed by the State, through the Jefferson Parish District Attorney, against Legredis Taylor, Jr. In the petition, the State alleged that Taylor is the father of Devon, who is entitled to child support. Paternity testing was completed and it was determined that Taylor could not be excluded as the biological father. On August 30, 2004, Taylor signed an acknowledgment that he is the father of Devon, although he disagreed with the child support recommendation of the hearing officer. Taylor was employed by United States Navy. In addition to his base pay, Taylor received a basic allowance for subsidies and a basic allowance for housing. The hearing officer's child support recommendation was based on a gross income which included both of these military allowances.
The trial court issued a judgment of paternity on September 8, 2004, finding Taylor to be the father of Devon and ordering Taylor to pay $500 per month for child support effective September 29, 2004. That child support amount was according to the hearing officer's recommendation and based on a gross income which included Taylor's military allowances. Taylor disagreed with this judgment of child support and the matter was set for hearing.
A hearing was held and the trial court issued a judgment on November 8, 2004 finding that the basic allowance for subsidies and basic allowance for housing issued by the military shall not be counted as income when calculating child support. The State appeals this ruling.
The second trial court case involved the child Justin Taylor, born to Charissa Williams. A Petition for Child Support was filed by the State on August 2, 2004. On September 29, 2004, the matter went before a hearing officer, who set support based on Taylor's income, including his military allowances. Taylor disagreed with this recommendation and a hearing was held on November 8, 2004. The trial court found that the military allowances were not to be included as income in the calculation of child support. The State appeals this ruling.
On January 1, 2005, the two appeals were consolidated in this Court for determination *659 of whether the military allowances for housing and subsidies are to be included in Taylor's gross income for the calculation of child support to his children, Devon Francois and Justin Taylor. We affirm the trial court's ruling that these allowances are not to be included in income.

DISCUSSION
The guidelines for determination of child support are set forth in La. R.S. 9:315, et seq. The schedule of basic child support obligations contained in La. R.S. 9:315.19 relies on the combined adjusted monthly gross income. According to La. R.S. 9:315 C(4), as it read on the date these matters were filed, gross income is defined as follows:
(4) "Gross income" means:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, and spousal support received from a preexisting spousal support obligation;
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals; and
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.
(d) As used herein, "gross income" does not include:
(i) Child support received, or benefits received from public assistance programs, including Family Independence Temporary Assistance Plan, supplemental security income, food stamps, and general assistance.
(ii) Per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code.
(iii) Extraordinary overtime including but not limited to income attributed to seasonal work regardless of its percentage of gross income when, in the court's discretion, the inclusion thereof would be inequitable to a party.
(iv) Any monetary gift to the domiciliary party when the objective of the gift is to supplement irregular child support payments from the nondomiciliary party.
Taylor is paid a "base pay", or salary, as well as a basic allowance for housing and a basic allowance for subsistence. The basic allowance for housing is paid to qualifying military personnel to obtain housing when the military is unable to provide the housing. The basic allowance for subsistence is paid to qualifying military personnel to offset the cost of food for those who live off of the military base. These military allowances are non-taxable.
In finding that these military allowances shall not be counted as income for the calculation of child support, the trial court *660 noted that the Internal Revenue Service does not tax the basic allowance for housing or the basic allowance for subsidies paid to military personnel. The trial court found that this is consistent with La. R.S. 9:315, which provides that gross income does not include per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code. The trial court correctly noted that the military allowances in this case are not per diem allowances. However, the Internal Revenue Code does not tax the basic allowance for subsidies or the basic allowance for housing, just like per diem allowances, are not subject to federal taxation.
There is no specific statutory provision that governs this particular case. However, we find that the trial court correctly paralleled these military allowances to per diem allowances, which are specifically excluded from gross income. Therefore, we agree with the trial court and find that these military allowances are not to be included in Taylor's gross income for the calculation of child support. Accordingly, the trial court's judgments are affirmed.
AFFIRMED.
ROTHSCHILD, J., dissents with reasons.
ROTHSCHILD, J., dissenting.
Because I believe that the trial court erred in failing to include military allowances in defendant's gross income for the purposes of calculation of child support, I must respectfully dissent from the majority opinion. I believe that the hearing officer's recommendation of child support in this case was correct pursuant to applicable Louisiana law.
The guidelines for determination of child support are set forth in La. R.S. 9:315, et seq. The basic premise of the child support guidelines is that child support is a continuous obligation of both parents, children are entitled to share in the current income of both parents, and children should not be the economic victims of divorce or out-of-wedlock birth. These support guidelines set forth by statute are mandatory and are applicable to members of the military and civilians alike. Further, the trial court's discretion in setting the amount of child support is structured and limited. James v. James, 34,567 (La.App. 2 Cir. 4/6/01), 785 So.2d 193; Voorhies v. Voorhies, 96-342 (La.App. 3 Cir. 10/9/96), 688 So.2d 1158.
Under the clear terms of La. R.S. 9:315C(4)(a), the definition of gross income includes the disputed allowances, as these allowances constitute income from "any source." Further, as stated in La. R.S. 9:315C(4)(b), where expense reimbursements received by a parent are significant and reduce the parent's personal living expenses, they are considered for purposes of child support calculations to be part of the parent's gross income. The fact that these allowances are paid by the military branch of the federal government and not subject to income tax does not exclude them from the definition of gross income under the applicable child support guidelines.
In fact, in the calculation of child support, Louisiana courts have imputed income to a parent who eliminated housing costs by living in a new wife's home. Thus, the benefit a parent receives in the form of reduced housing expenses have been determined as constituting income. See, Shaw v. Shaw, 30,613 (La.App. 2 Cir. 6/24/98), 714 So.2d 906, writs denied, 98-2414, 98-2426 (La.11/20/98), 729 So.2d 556, 558.
The trial court correctly recognized that the housing and subsistence allowances paid to Mr. Taylor are distinguishable *661 from a per diem allowance which is specifically excluded from gross income pursuant to La. R.S. 9:315C(4)(d)(ii). However, in my view, the trial court erred in relying on the federal tax code to exclude this income where there are specific provisions in Louisiana law governing the calculation of child support which provides otherwise. For these reasons, I would reverse the judgment of the trial court and reinstate the recommendations of the hearing officer in setting the child support of defendant, Legredis Taylor, Jr.