934 So.2d 687 (2006)
STATE of Louisiana, DEPARTMENT OF SOCIAL SERVICES, in the Interest of D.F.
v.
L.T., Jr.
State of Louisiana, Department of Social Services, in the Interest of J.T.
v.
L.T., Jr.
No. 2005-CJ-1965.
Supreme Court of Louisiana.
July 6, 2006.
Paul D. Connick, Jr., District Attorney, Joseph R. McMahon, Jr., Lekita G. Robertson, Assistant District Attorneys, for Applicant.
*688 Beevers & Beevers, Raylyn R. Beevers, Wiley J. Beevers, Steven J. Mauterer, Gretna, for Respondent.
JOHNSON, Justice.
We granted this writ application to address whether military allowances for housing and subsidies must be included in gross income for the calculation of child support. The State of Louisiana, Department of Social Services (hereinafter referred to as "State"), filed this writ application to review the lower courts' decisions to exclude the father's military allowances for housing and subsistence from his "gross income" for the purpose of calculating his child support obligation to his two minor children. For the following reasons, we reverse and remand the case to the trial court to reassess the father's child support obligation and include his military allowances in his gross income.

FACTS AND PROCEDURAL HISTORY
This matter involves a United States Navy officer, who fathered six children, but only two minor children born of different women are at issue. Officer Legredis Taylor serves in the Navy as a non-commissioned officer, Grade E-6. He earns a monthly base salary of $2,763.30 and also enjoys the benefits of basic allowance housing ("BAH") in the amount of $995.00 a month in addition to basic allowance subsidies ("BAS") in the amount of $254.46.[1] Legredis Taylor (hereinafter referred to as "Taylor") was determined by the trial courts to be the biological father of D.F., whose mother is Floria Francois, and J.T., whose mother is Charissa Williams.[2] Both mothers sought child support through the State of Louisiana, Department of Social Services against Taylor. Both child support cases were heard before a hearing officer, who determined Taylor's obligation by imputing his military allowances (BAH and BAS) into his gross income for the purpose of calculating his child support obligations.[3] In D.F.'s case, the hearing officer determined that Taylor should pay $503, which was an additional $150 after his military allowances were included. In J.T.'s case, the hearing officer determined that Taylor was obligated to pay $450.19 per month, which was approximately $174 more after including the allowances. Taylor contested the rulings, which imputed his military allowances (housing and subsistence) to his salary in determining his child support obligation.
Subsequently, the matters were heard on November 8, 2004, by the trial court judge, who determined that the BAH and BAS should not be included as income when calculating child support.[4] According *689 to the transcript of the hearing, the trial court held that the basic allowance for subsistence and housing should not be used for the purpose of calculating child support. The trial court noted that the military allowances (BAS and BAH), as defined by the United States Military, are "slightly different then a per diem allowance." The trial court also noted that the military allowances are not taxed by the Internal Revenue Services, and therefore, these allowances should not be imputed as income for the calculation of child support. The trial court found that this falls within the ambit of LSA-R.S. 9:315, which provides that gross income does not encompass per diem allowances, which are also not subject to federal income tax under the Internal Revenue Code. The State appealed both cases.
These appeals were consolidated as they reflected identical issues of law. See, LSA-C.C.P. art. 1561.[5] The Fifth Circuit Court of Appeal, in a 2-1 split vote, affirmed the trial court ruling, noting that there is "no specific statutory provision governing this particular case," the trial court "correctly paralleled these military allowances to per diem allowances, which are specifically excluded from gross income. Therefore, ... these military allowances are not to be included in Taylor's gross income calculation ..." State, Dept. Of Social Services, ex rel. D.F. v. L.T., 04-1455, 04-1456 (La.App. 5 Cir. 5/31/05) 903 So.2d 657. Judge Rothschild dissented and opined that:
Under the clear terms of LSA-R.S. 9:315(C)(4)(a), the definition of gross income includes the disputed allowances, as these allowances constitute income from "any source." Further, as stated in La. R.S. 9:315(C)(4)(b), where expense reimbursements received by a parent are significant and reduce the parent's personal living expense they are considered for purposes of child support calculations to be part of the parent's gross income. The fact that these allowances are paid by the military branch of federal government and not subject to income tax does not exclude them from the definition of gross income under the applicable child support guidelines.
In fact, in the calculation of child support, Louisiana courts have imputed income to a parent who eliminated housing costs by living in a new wife's home. Thus, the benefit a parent receives in the form of reduced housing expenses have been determined as constituting income. See, Shaw v. Shaw, 30,613 (La. App. 2 Cir. 6/24/98), 714 So.2d 906, writs denied, 98-2414, 98-2426 (La.11/20/98), 729 So.2d 556, 558.
The trial court correctly recognized that the housing and subsistence allowances paid to Mr. Taylor are distinguishable from a per diem allowance which is specifically excluded from gross income pursuant to La. R.S. 9:315(C)(4)(d)(ii). However, in my view, the trial court erred in relying on the federal tax code to exclude this income where there are specific provisions in Louisiana governing the calculation of child support which provides otherwise. For these reasons, I would reverse the judgment of the trial court and reinstate the recommendation of the hearing officer in setting *690 the child support of defendant, Legredis Taylor, Jr.
The State applied for a rehearing, which the court of appeal refused. Upon application of the State, this Court granted a writ. State, Dept. Of Social Services, ex rel. D.F. v. L.T., 05-1965 (La.2/10/06), 920 So.2d 863.

DISCUSSION
The sole issue before this Court is whether the military allowances for housing and subsidies are to be included in Taylor's gross income for the calculation of child support to his two minor children. We note that this case is res nova, an issue of first impression in Louisiana, and thus, it is appropriate to look to the law of other jurisdictions for guidance after reviewing the statutory law of Louisiana.
Before reviewing the persuasive authority of other jurisdictions, we note that LSA-R.S. 9:315 et seq., provides the guidelines for the determination of child support, which relies on the combined adjusted monthly gross income of both parents. According to LSA-R.S. 9:315(A), child support is a continuous obligation of both parents, whose current income the child is entitled to share, as the child should not be the economic victim of a divorce or an out-of-wedlock birth. These guidelines are mandates applicable to both military personnel and civilians. Further, the trial court's discretion in setting the amount of child support is structured and limited. James v. James, 34,567 (La.App. 2 Cir. 4/6/01), 785 So.2d 193; Voorhies v. Voorhies, 96-342 (La.App. 3 Cir. 10/9/96), 688 So.2d 1158. This obligation must be administered and fairly apportioned between parents in their mutual financial responsibility for their children; toward that end, guidelines balance the needs of children with the means available to parents. See, LSA-R.S. 9:315 et seq.
We also note that the standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. Reeves v. Reeves, 36,259 (La.App. 2 Cir.2002), 823 So.2d 1023, 1027. With this standard in mind, we can proceed to address the State's argument.

Definition of "gross income" and Legislative Intent
First, the State argues that the lower courts erred in determining that Taylor's BAH and BAS constituted income for the purpose of calculating child support. The State argues that the lower courts misinterpreted LSA-R.S. 9:315(C)(4)(b), which is presently LSA-R.S. 9:315(C)(3)(b), as military allowances fall squarely within the parameters of "gross income" as defined in the statute.[6]
LSA-R.S. 9:315(C)(4) states, in pertinent part, that:

*691 (a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, ... and spousal support received from a preexisting spousal support obligation ...
(b) Expense reimbursement or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business, if the reimbursements or payments are significant and reduce the parent's personal living expenses. Such payments include but are not limited to a company car, free housing, or reimbursed meals ...
(Emphasis added).
In contrast, Taylor contends that the statute is clear and unambiguous. Taylor points out that LSA-R.S. 9:315 contains specific enumerated sources of income, and none of these sources includes military allowances. Taylor submits that the lower courts' rulings are clearly supported by the legislative intent. Accordingly, Taylor asserts that BAH and BAS should not be included as income when calculating child support under Louisiana law. We disagree.
In reviewing a statute, we must determine whether the language of the statute is clear or ambiguous. Also, we must determine what the legislature intended when promulgating the statute. Here, in analyzing LSA-R.S. 9:315(C)(4), we find that the statute does not limit income merely to the type of compensation listed, but instead, through the use of the words "but are not limited to ... free housing or reimbursed meals," includes any compensation for services, thereby including the military allowances at issue before this Court. LSA-R.S. 9:315 provides examples of what is not considered "gross income" and does not mention BAH and BAS. Thus, as noted in Judge Rothschild's dissent, the fact that BAH and BAS are not included within the examples provided is not dispositive of the issue of whether they are income under Louisiana law. Louisiana courts have determined that the benefit a parent receives in the form of reduced housing expenses is income. See, Shaw v. Shaw, 30,613 (La.App. 2 Cir. 6/24/98), 714 So.2d 906, writs denied, 98-2414, 98-2426 (La.11/20/98), 729 So.2d 556, 558 In Shaw, the former husband sought a modification of child custody and child support. The court noted that when the former husband had married a new wife, he moved out of his home and into the home of his new wife thereby eliminating his housing expenses. In that instance, the court found that because his housing expense was reduced, the court was justified in imputing $300 per month to his income. In the case sub judice, there is no dispute that Taylor financially benefitted from the military granting allowances which reimbursed his housing and living expenses. Thus, the BAH and the BAS should be imputed per month to his income.

Military Allowances dissimilar to Per Diem Allowances (Both NON TAXABLE)
Next, the State argues that the lower court erroneously concluded that because the Internal Revenue Code does not tax BAQ or VHA[7] allowance as income, then the military allowances should not be considered as income to him in computing child support. Taylor points out that LSA-R.S. 9:315(C)(4)(d)(ii) specifically spells out that the definition of "gross income" *692 does not include "per diem allowances which are not subject to federal income taxation under the provisions of the Internal Revenue Code." We agree with Taylor that the definition of "gross income" excludes "per diem allowances." We also agree that both military allowances and per diem allowances are tax exempt. However, the fact that the Internal Revenue Code excludes from gross income qualified military benefits, of which military allowances are a part, pursuant to 26 U.S.C.A. § 134, is of little weight in the determination of whether BAH and BAS should be included as income in calculating child support. The purposes underlying the two calculations are different. The Internal Revenue Code is concerned with reaching an amount of taxable income. Particularly, 26 U.S.C.A. § 134, provides in pertinent part, that: "qualified military benefit", which means any allowance or in-kind benefit, was excludable from gross income. 134(1)(B). While on the other hand, Louisiana law is concerned with calculating the amount of income of both parents in order to determine the amount each parent can pay for the support of their child. See LSA-R.S. 9:315, et seq. Furthermore, if the Louisiana legislature intended its definition of income for child support purposes to parallel the calculation of income for tax purposes, then the language of the child support statutes or guidelines would have reflected this. However, it does not. Noteworthy is the Code of Federal Regulation, which provides in 32 C.F.R. § 733.3 that under the child support guidelines, gross pay includes not only the basic salary but the basic allowance housing; however the basic allowance for subsistence is excluded. Similarly, the Navy regulations, outlined in BUPERSINST 1610.10 (22 August 2002), sets forth that gross pay includes the BAH, yet excludes the BAS. However persuasive, this regulation is not controlling in determining the military allowances inclusion in child support calculations as reasoned by Alexander v. Armstrong, 415 Pa.Super. 263, 609 A.2d 183 (1992).

Jurisprudence
We note that there is no statutory provision or case law on point that would resolve this matter. Therefore, we recognized the precedent set forth in other jurisdictions. The United States Supreme Court in Rose v. Rose, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), held that the inability to subject certain federal benefits to garnishment does not prohibit a state court from utilizing them in child support proceedings. In Rose, the Court was faced with the issue of whether a veteran could be held in contempt in a state court for failure to pay child support when his only income was from veteran's benefits. The Court stated that "[w]hile [veteran's benefits] are exempt from garnishment or attachment while in the hands of the Administrator, we are not persuaded that once these funds are delivered to the veteran a state court cannot require that the veteran use them to satisfy an order of child support." Id. at 637, 107 S.Ct. at 2039.
In that case, the inclusion of appellant's BAQ and VHA payments as part of his income did not conflict with the federal law governing enforcement of support obligations. While the trial court did attach appellant's military wages in order to ensure his payment of $400.00 child support, such payment was made directly from appellant's monthly base salary of $1,121.40. Moreover, as the Supreme Court held in Rose, once appellant received his BAQ and VHA, a state court can order him to use them to satisfy his child support obligations.
*693 In Hautala v. Hautala, 417 N.W.2d 879 (1988), Mr. Hautula, a Master Sergeant in the United States Air Force, contended that the trial court erred in considering BAQ and VHA as income because it was not included in the specifically enumerated sources of income provided by the code and because it is not garnishable under federal law. The Supreme Court of South Dakota affirmed, holding that the definition of "income" provided in the support statutes was not exclusive as evidenced by the broad wording of the statute and the use of the word "includes." Furthermore, the Court, citing Rose v. Rose, supra, held that the fact that BAQ and VHA are not garnishable does not preclude their being income. Hautala, supra, 417 N.W.2d at 881.
In Peterson v. Peterson, 98 N.M. 744, 652 P.2d 1195 (1982), Mr. Peterson, a Technical Sergeant in the United States Air Force, appealed from an order increasing his child support payments on the basis that his income increased due to his receiving BAQ, VHA and BAS. Sgt. Peterson contended that his military allowances were not income because they were not subject to garnishment under federal law. The Supreme Court of New Mexico, focusing only on 42 U.S.C.A. § 659 and the legislative history of that section, held that military allowances for off-base housing are "payments under the Federal programs in which entitlement is based in employment .... [and] [t]herefore ....are proper sources of income that a state trial court can consider in determining whether there has been a financial change of circumstances sufficient to warrant an increase of child support payments." Peterson v. Peterson, supra, 652 P.2d at 1198.
Courts in Pennsylvania, Ohio and Minnesota have determined that military allowances are a species of remuneration subject to child support payments. (See, Alexander v. Armstrong (1992), 415 Pa.Super. 263, 609 A.2d 183; Merkel v. Merkel (1988), 51 Ohio App.3d 110, 554 N.E.2d 1346; Jackson v. Jackson (Minn.Ct.App. 1987), 403 N.W.2d 248.)
In supporting the inclusion of BAH and BAS within income for the purpose of calculating child support, we note that Connors, Resolving Child Support Issues Beyond the Scope of AR 608-99, 132 Mil. L.Rev. 67, 78 (1991) provides that BAQ BAH, VHA, and BAS should be included when calculating a military person's total income because these in-kind benefits received by the service person increase his/her income. The article provides that a "standard of living allowance (SOLA)" should be calculated for the purpose of child support as "it allows a child to benefit from the higher living standard usually enjoyed by a noncustodial parent." Id at 77. The article addresses the issue before us as follows:
In general, all of a soldier's ... pay and allowances should be considered as income for the purposes of setting the [child] support obligation. (Citation footnotes omitted) Many soldiers live in government accommodations and eat in the mess hall for free. This "in kind" income ... may justify an upward adjustment in support owed. Moreover, Basic Allowance for Quarters (BAQ), Basic Allowance for Subsistence (BAS)... and military ... payments can constitute large portions of a soldier's ... total income. These items, however, are not taxable. If the state guidelines are based on gross pay, ... the soldier's income should be adjusted upward to account for the increased value of nontaxable income.
As determined above, neither Louisiana law nor federal law prohibits including BAH and BAS within the definition of gross income when calculating income for *694 child support purposes. Furthermore, appellant has not cited any cases, nor has our own research discovered any case law which has determined BAH and BHS not to be income.
Finally, relevant to our analysis is the fact that the Louisiana Child Support Guidelines, LSA-R.S. 9:315 et seq., are based on the concept that the child should receive the same proportion of parental income that he or she would have received if the parents lived together. Explanatory Comment-1989, Pa.R.Civ.P.1910.16-5. If D.F. and J.T. were living with Taylor's new family, they would share in the benefit from the allowances Taylor received from the Navy for housing and subsidies. However, because D.F. and J.T. do not live with Taylor or Taylor's family, they do not receive any benefit from the allowances. Accordingly, in keeping with the guidelines, we must include in Taylor's income his BAH and BAS when calculating child support. Thus, we find that the lower courts erred in their rulings. We reverse the lower courts' judgments and remand the case to the trial court to reassess the father's child support obligation.
REVERSED and REMANDED.
KNOLL, Justice, concurs in the result.
NOTES
[1] Basic Allowance Housing "BAH" is an additional sum, other than the salary, paid to a member of a uniformed service/qualified military person, who resides outside of the military quarters, paid monthly to supplement his housing expenses. See, 37 U.S.C.A. § 403. The rates are paid according to the member's grade level and "the costs of adequate housing for civilians with comparable income levels." Id. Basic Allowance Subsistence "BAS" is paid to a qualified military person to supplement food expenses incurred while living "off base." 37 U.S.C.A. § 402a.
[2] On September 8, 2004, the trial court issued a judgment of paternity finding that Taylor was the biological father of D.F. Thereafter, the record shows that Taylor formally acknowledged his child. The record is silent as to when the court determined that Taylor was the biological father of J.T.
[3] Although both matters were filed separately and assigned to different divisions, i.e. D.F.'s case (04-NS-447) was assigned to Division "B" and J.T.'s case (04-NS-1055) was assigned to Division "A," hearing officer Samuel Stephens adjudged both cases.
[4] The record demonstrates that the Judge Andrea Janzen consolidated the two cases as both cases presented the same issue and ruled accordingly.
[5] LSA-C.C.P. art. 1561 provides that:

A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate.
[6] Senate Bill No. 123 (Regular Session 2006) amends LSA-R.S.9:315(C)(3)(a) to read:

(3) "Gross income" means:
(a) The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, ... workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, ... and spousal support received from a preexisting spousal support obligation;
Senator Lentini and Representatives Ansardi and Bowler introduced this bill, which purports to broaden the definition of "gross income" to include BAH and BAS for the purpose of calculating child support. This bill was unanimously passed in the Senate on April 10, 2006. On June 5, 2006, the House of Representatives passed the bill with no objections, and on June 7, 2006, the bill was sent to the Governor for consideration.
[7] "BAQ" means "basic allowances for quarters," and "VHA" means "variable housing allowances."