J-A13034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARMEN L. CORTES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| ANTHONY CORTES | : | |
| Appellee | : | No. 624 WDA 2014 |

Appeal from the Order March 19, 2014
In the Court of Common Pleas of Allegheny  County
Family Court at No(s): No. 97-2377-008

BEFORE:  PANELLA, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 03, 2015**

Carmen Cortes (Wife) brings this appeal from the order entered March 19, 2014, in the Court of Common Pleas of Allegheny County, dismissing her exceptions to the hearing officer's report that recommended court-ordered support be modified retroactively to 1999, resulting in Anthony Cortes (Husband) owing arrearages of over $54,000.00.  Wife contends the court erred in (1) refusing to take into account Wife's religious beliefs in determining Wife to have a minimum-wage earning capacity, (2) refusing to consider Husband's employment benefits, additional sources of income, and actual taxable income in determining income available to calculate Husband's support obligation, (3) sustaining Husband's trial objections, dismissing Wife's trial objections, and refusing to admit Wife's exhibits and testimony needed to establish Wife's case, (4) dismissing Wife's alimony

claim, (5) failing to award interest and penalties on Husband's retroactive support obligation, (6) failing to award Wife attorney fees, and (7) failing to find that the hearing officer's negative attitude and conduct towards Wife was prejudicial and hindered Wife's ability to have a full and fair hearing.[1] Based upon the following, we affirm in part, reverse in part, and remand with directions.

The trial court has summarized the background of this appeal, as follows:

> Carmen Cortes (Wife) and Anthony Cortes (Husband) married in 1980. Four children were born of the marriage, all of whom are emancipated. The couple separated in 1997, just after moving from Allegheny County. Wife moved to Texas with her four small children after separation, filing for support in Allegheny County before leaving. Wife was assessed a zero earning capacity and Husband was assigned an earning capacity of $1900.00 per month based on his previous income. An unallocated support award was entered in August of [1997] for $1,138.00 monthly, in favor of wife [and children].

> Husband filed for divorce in Texas, Wife's domicile, and the parties were divorced on January [4], 2000. The Texas divorce decree reads, in pertinent part: "The court ...finds that it has jurisdiction of this case except for issues regarding child and spousal support of which the Courts of Common Pleas of Allegheny County, Pennsylvania has continuing and exclusive jurisdiction." Texas does not have alimony.

> Husband was hired by the Milton Hershey School in August of 1998, mere months after the entry of the initial award and earned $19,355.70 for the period of August 1998 through

_____

[1] These issues were preserved in Wife's Pa.R.A.P. 1925(b) statement, which Wife timely filed in response to the order of the trial court.

December of 1998. He never informed the Court or Wife of this substantial change in income. His income increased steadily after entry of the award but, again, he never notified the Court or Wife. By 2000, his income from the school was $59,790.76, by 2002, his income was $71,722.96 annually and by 2010, his income was over $100,000.00. He still never informed the court, and, therefore, the amount of support remained the same. The children became emancipated one by one, but neither party moved for modification or review of the award.[2] Then, in March of 2012, when the youngest of the four children was approaching emancipation, Husband filed to terminate support.[3]

On July 10, 2012, Wife, still represented by her original counsel, registered the Texas divorce decree in Allegheny County. On July 12, 2012, she filed a petition raising claims for alimony and counsel fees as well as filing for modification of the support order, retroactive to 1999.[4] Husband's petition to modify (terminate) support and Wife's petition raising claims, as well as Husband's Motion to Strike Wife's petition raising claim[s] were consolidated and scheduled before the Permanent Master. The Master recommended the support order be modified retroactively to 1999, resulting in Husband owing arrearages of

_____

[2] The oldest child became emancipated in June of 2008. Next two children, twins, became emancipated in June of 2011. The youngest child turned 18 in July of 2012.

[3] At the time Husband filed his petition to terminate support, the most recent court-generated support order, entered November 12, 2010, required Husband to continue to pay unallocated monthly support of $1,138.00 for wife and three children. *See* Husband's Petition For Modification of an Existing Support Order, dated 6/26/2012. As noted in the hearing officer's report and recommendation, Husband's obligation to pay spousal support terminated upon the parties' January 4, 2000 divorce. Hearing Officer's Report and Recommendation (Explanation), 10/17/2013, at 7.

[4] Initially, Wife requested support retroactive to 1998. She subsequently modified her request for support retroactive to 1999. *See* Wife's Petition for Retroactive Modification of Support Order, 8/2/2012; Wife's Pretrial Statement, 7/22/2013. *See also* N.T., 9/16/2013, at 103.

over $54,000.00.[5] The Master cited Husband's failure to inform the Court of his substantial increase in income as the basis for her decision. The Master assigned Wife a minimum wage earning capacity from 1999 forward, and denied Wife's prospective alimony claim. She further denied both parties claims for attorney fees. Husband and Wife both filed exceptions, which I dismissed on March 19, 2014. Wife's instant appeal followed.

Trial Court Opinion, 7/18/2014, at 1–2 (record citations and footnote omitted).

At the outset, we state our standard of review:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*W.A.M. v. S.P.C.*, 95 A.3d 349, 352 (Pa. Super. 2014) (citations omitted).

Moreover, "[t]he trial court, as the finder of fact, heard the witnesses, and is entitled to weigh the evidence and assess its credibility." *Baehr v. Baehr*, 889 A.2d 1240, 1245 (Pa. Super. 2005).

_____

[5] In calculating Husband's support obligation from 1999 to 2012, the hearing officer took into account an assigned minimum–wage earning capacity for Wife, the fact that spousal support ended upon the parties' divorce, and the emancipation of the parties' children. From the total amount owed by Husband, the hearing officer deducted the amount paid by Husband for those years, arriving at $46,472.46 plus arrears of $7,871.82 due as of 12/31/98, for total arrears of $54,344.28.

The first issue raised by Wife, and preserved in her Rule 1925(b) concise statement, is that the trial court erred in refusing to take into account her strict Seventh Day Adventist (SDA) beliefs when determining that she had a minimum-wage earning capacity for purposes of calculating Wife's retroactive support award.

As the trial court's opinion reproduced above states, under the extant 1997 support order, Wife was assigned a zero earning capacity. At the hearing, Wife testified that she had not worked outside the home since 1992, and that she had home-schooled the parties' children through high school consistent with the parties' SDA beliefs. The hearing officer, however, in calculating the amount of retroactive support owed by Husband, imputed a full-time minimum-wage earning capacity to Wife from 1999 to 2012.

In ruling on Wife's exceptions to the hearing officer's report, the trial court rejected Wife's arguments that homeschooling the children was related to her religious beliefs, and that the hearing officer erred in assigning her a minimum-wage earning capacity. The trial court pointed to Wife's own testimony that, after the parties separated and she moved to Texas, she had placed her oldest child in public school where the child completed one year, and had then enrolled the child in an SDA school, but ultimately decided to homeschool the child and the younger children because she believed the schools were unsatisfactory. The trial court also noted Husband's testimony that he did not agree to homeschooling the children after separation, that he

wanted the children in school for socialization, and that the homeschooling was done without his consent. The trial court stated that Wife was not assigned an earning capacity commensurate with her education and training as a dietician, but rather assigned a minimum-wage earning capacity, which the court found appropriate. *See* Trial Court Opinion, 7/18/2014, at 3–4.

Our review confirms that the record supports the trial court's findings. While Wife maintained that she homeschooled the children based on her religious beliefs, her testimony belied this claim. Furthermore, the trial court imputed a minimum-wage earning capacity, despite Wife's college degree and work experience. On this record, we discern no abuse of discretion by the trial court in rejecting this argument. Accordingly, no relief is due on this first issue.

Wife next asserts that the trial court erred in calculating Husband's employment benefits, additional sources of income, his actual taxable income in determining his net income available to pay support for Wife and the children. Wife first argues the trial court completely overlooked the fact that Husband claimed all four of the children as dependents on all of his tax returns.

Under Pennsylvania Rule of Civil Procedure 1910.16-2, the court deducts "federal, state and local income taxes" from a party's gross income to arrive at net income for support calculation purposes. Pa.R.C.P. 1910.16-2(c)(1)(A). Furthermore, "[t]he tax consequences resulting from an award

of the child dependency exemption must be considered in calculating each party's income available for support."  Pa.R.C.P. 1910.16-2(f).

Here, the record reflects the hearing officer calculated Husband's income from 2000 to 2012 based on his W-2 statements and, consequently, did not take into account Husband's tax consequences in claiming the federal dependency tax exemption for the children from 1999 to 2012.[6]  Wife, in her exceptions and Rule 1925(b) concise statement, raised this issue. The trial court, however, did not address Wife's claim in its opinion, except to say that the master had reviewed Husband's tax returns and W-2 statements for the years at issue to calculate Husband's support obligation.  In light of the Rule 1910.16-2(f), we agree with Wife's position.  Therefore, on this issue, we will remand the matter to the trial court for recalculation of support, taking into account the tax consequences of Husband's claimed child dependency exemptions upon his income available for support.

We find no merit, however, in Wife's claim that the trial court erred in calculating Husband's employment benefits, and additional sources of income.  In this regard, Wife contends the court should have included rents received by Husband from his rental properties between the years 2006 to

_____

[6] From 1999 to 2011, Husband claimed four children as dependents on his federal income tax.  In 2012, Husband claimed three children as dependents.

2012, and should have considered housing provided to Husband by his employer in calculating Husband's income.

Income for the purposes of child support is defined as:

[C]ompensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and any form of payment due to and collectible by an individual regardless of source.

23 Pa.C.S. § 4302 (emphasis added). A trial court is required to calculate income using, but not limited to: wages, salaries, bonuses, fees, commissions, net income from business, and dividends. Pa.R.C.P. 1910.16-2(a).

The trial court rejected Wife's claim, reasoning that the housing provided by Husband's employer was a condition of Husband's employment and came with the requirement that he be "on-call" at virtually all times. Furthermore, the trial court determined that Husband's share of the rental income from 2006 to 2012 on a post-marital property held jointly by Husband and his current spouse was not substantial when maintenance

- 8 -

expenses are factored in, and would not have a significant impact on the appropriate amounts due Wife for child support for the relevant periods of time. We find no error.

To the extent that Husband was required to be "on call," the housing was part of Husband's employment. As such, this case is distinguishable from the cases cited by Wife, which involved a housing allowance. **See** Wife's Brief at 21–22, *citing* **Armstrong v. Alexander**, 609 A.2d 183, 185 (Pa. Super. 1992) and **Krankowski v. O'Neil**, 928 A.2d 284 (Pa. Super. 2007). Moreover, given that Husband's rental income comes from rental property that is held jointly, and subject to maintenance and other ownership expenses, we find no reason to disturb the court's conclusion that this rental income was "not substantial" and "not relevant" to Wife's support calculation.[7] Accordingly, no relief is warranted on these claims.

In her third issue, Wife challenges the trial court's decision rejecting Wife's claim that the hearing officer erred in sustaining Husband's objections, dismissing Wife's objections and refusing to admit Wife's exhibits and testimony needed to establish Wife's case. In her fourth issue, Wife challenges the denial of her request for alimony. The trial court, in addressing both issues, opined: "If error was committed by sustaining some

_____

[7] Although Wife, in her brief, has included a table that shows "Husband's ½ Share of Rental Income Received," to be $57,503.50 for the years 2006 to 2012, this table only shows the amounts of rent received, as reflected by Husband's federal tax returns, without accounting for expenses.

of Husband's objections to alimony evidence Wife was attempting to introduce, that error is harmless, as I find that Wife is not entitled to alimony as a matter of law." Trial Court Opinion, 7/18/2014, at 5. As did the trial court, we will address Wife's third and fourth claims together.

The principles that guide our review are well established:

> The scope of review in assessing the propriety of an award or denial of alimony is to determine whether the trial court's order is motivated by prejudice, bias or ill-will, or whether the court has overridden or misapplied the law. If so, the court has abused its discretion, and the court is not bound by its conclusions. Absent these errors, where the court's decision is substantiated by the record and supported by applicable case law the court must affirm. Moreover, alimony is not meant as a punishment or reward, but to ensure that the reasonable needs of the person who is unable to support himself/herself through appropriate employment are met. It is the proponent's burden to prove his or her entitlement to support.

*Hicks v. Kubit*, 758 A.2d 202, 205 (Pa. Super. 2000).

> Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. An award of alimony should be made to either party only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met.
>
> Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award.

***Kent v. Kent***, 16 A.3d 1158, 1161 (Pa. Super. 2011) (quotations and citations omitted).

Here, the trial court determined, in light of the relevant alimony factors set forth at 23 Pa.C.S. § 3701(b),[8] that Wife was not entitled to alimony as a matter of law. ***See*** Trial Court Opinion, 7/18/2014, at 5. In this regard, the trial court noted that Wife "was able to meet her reasonable needs for 12 years," that "the couple did not have a high standard of living … [and] both parties are educated and in good health." ***Id.*** at 6. Additionally, the court reasoned that although Wife would have had a "viable claim for alimony directly upon divorce to allow her to rehabilitate her career," she "chose to wait over 12 years to make a claim[.]" ***Id.*** As such, the court concluded that Wife had not proven she was entitled to receive alimony.

_____

[8] In evaluating alimony under Section 3701, this Court has explained:

> In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage.

***Teodorski v. Teodorski***, 857 A.2d 194, 200 (Pa. Super. 2004). ***See also*** 23 Pa.C.S. § 3701(b).

We find no error. While the trial court determined Wife's claim for alimony was meritless, we conclude that alimony in this case is governed by the law of Texas. The parties were divorced in Texas, and the parties' divorce decree provided for division of the marital estate. While the Texas decree stated that "The court … finds that it has jurisdiction of this case **except for child and spousal support** of which the Courts of Common Pleas of Allegheny County, Pennsylvania has continuing jurisdiction," there is no mention of alimony. As such, we conclude Wife's claim for alimony pursuant to Pennsylvania law fails. Moreover, based on our resolution of this claim, it follows that Wife's complaint regarding the hearing officer's rulings on her alimony claim also fails.[9]

Next, Wife, in her fifth and sixth issues, contends the trial court erred in failing to award her interest, penalties, and attorney fees.

_____

[9] Specifically, Wife claimed reversible error with regard to the trial court's decision to uphold the hearing officer's evidentiary rulings (1) not allowing cross examination of Husband's work history after separation, (2) refusing to allow cross examination of Husband on his history as a pastor, or why his LinkedIn profile omitted his history as a pastor, (3) not allowing Husband to be questioned regarding his attorney fee bill, yet allowing the attorney fee bill exhibit, (4) not allowing Husband to be cross examined whether an affair was the cause of separation, (5) not allowing Wife to testify as to her side of the story, (6) refusing to allow the list of items Wife intended to testify Husband put up on the refrigerator just before their separation to show Husband's testimony regarding the separation was false, and (7) sustaining Husband's hearsay objection when Wife's counsel tried to elicit testimony from Wife regarding her communications with the Domestic Relations in 1999 about the meaning and terms of the support order. **See** Wife's Brief at 34–36.

With regard to interest, Wife relies on Section 3703(4) of the Divorce Code, which provides, in pertinent part:

> If at any time a party is in arrears in the payment of alimony or alimony pendente lite as provided for in sections 3701 (relating to alimony) and 3702 (relating to alimony pendente lite, counsel fees and expenses), the court may, after hearing, in order to effect payment of the arrearages: … Award interest on unpaid installments.

23 Pa.C.S. § 3703(4).  Additionally, Wife relies on Section 4351(a) of the Domestic Relations Code, which provides for attorney fees in support proceedings as follows:

> (a) *General rule.* --If an obligee prevails in a proceeding to establish paternity or to obtain a support order, the court may assess against the obligor filing fees, reasonable attorney fees and necessary travel and other reasonable costs and expenses incurred by the obligee and the obligee's witnesses. Attorney fees may be taxed as costs and shall be ordered to be paid directly to the attorney, who may enforce the order in the attorney's own name. Payment of support owed to the obligee shall have priority over fees, costs and expenses.
>
> …
>
> (b) *Lack of good cause for failure to pay on time.* --If the court determines that the person subject to a child support order did not have good cause for failing to make child support payments on time, it may further assess costs and reasonable attorney fees incurred by the party seeking to enforce the order.

23 Pa.C.S. § 4351(a), (b).

The hearing officer, in addressing the parties' cross claims for attorney fees and expenses, reasoned:

> Husband had incurred counsel fees of $18,157 (Exhibit C) and wife has incurred counsel fees of $22,770 (Exhibit 20).  A review of the docket entries leaves no doubt that the litigation has been

contentious which has caused counsel fee expenses for both parties. The appointment of a discovery master was necessary because the parties hotly disputed what discovery was appropriate.

The hearing officer concludes that the obligations are essentially offsetting and, while it is true that husband's financial position has been superior to wife's during the 2012-2013 litigation, that will not be the case when wife receives the substantial payments for husband's child support arrears as set forth in §D above. That being so, the hearing officer declines to make a counsel fee award in favor of either party.

Hearing Officer's Report and Recommendation (Explanation), dated Ocober 17, 2013, at 14. The hearing officer did not address interest.

In ruling on the parties' cross exceptions, the trial court rejected Wife's claim for prejudgment interest and attorney fees. The trial court opined:

Wife complains that the court did not award interest and penalties on Husband's retroactive support obligation and that the court failed to award attorney fees to Wife. I first note that the awarding of interest in proceedings pursuant to the Divorce Code is discretionary with the court. 23 Pa.C.S.A. §3703. Additionally, Husband was previously sanctioned in this matter for his dilatory actions in responding to Wife's discovery, as being ordered, *inter alia*, to bear the cost of referral to a discovery master. Ultimately, however, the Discovery Master found, and I concurred, that many of Wife's discovery requests were overly burdensome and irrelevant.

Both parties here sought attorney fees - neither received them. The Master found their fees to be virtually offsetting and, though Husband was and is in a superior financial position, she found Wife, who will be receiving monthly payments on Husband's arrears, capable of paying her attorney. I further find both of these parties are at fault regarding the amount of fees. Husband engaged in deceit by concealing his income and engaged in dilatory behavior. More importantly, I find Wife's claim for alimony to be completely meritless, and a substantial amount of her fees were incurred pursuing that claim. I find those fees to be unreasonable.

- 14 -

> For his part, Husband clearly concealed his income. His statement that he never moved to modify the award as his children became emancipated because he wanted to pay "more" for his children could not be less credible. He testified that he "was under the impression that if I went and tried to modify it that it would lower the amounts". Like Wife, Husband is a college educated man with no intellectual deficits who was, like Wife, represented throughout these proceedings. His income went from the originally assigned earning capacity of $1900.00 per month to over $100,000.00 per year, yet he claims he believed his child support would be reduced if he moved to modify. Husband had an affirmative duty to inform the court of the dramatic increase in his salary. That he did not do. Accordingly, it is due to Husband's deceit in the support matter that I do not assess Wife with any of Husband's costs in defending what I find to be her spurious alimony claim.

Trial Court Opinion, 7/18/2014, at 6–7 (record citations omitted).

Here, the trial court considered that Husband had previously been sanctioned regarding Wife's discovery requests, although the discovery master ultimately rejected many of Wife's requests. In addition, the court considered that a substantial amount of Wife's attorney fees pertained to her unsuccessful alimony claim. We find no basis upon which to disturb the trial court's exercise of discretion in rejecting Wife's claim for prejudgment interest. However, with regard to attorney fees, we find merit in Wife's claim.

Review of this claim shows Wife's attorney's fees and Husband's fees are not completely "off-setting" as Wife's fees were greater than Husband's fees. In addition, both the hearing officer and the court recognized that Husband is in a superior financial position. Furthermore, even though Wife

did not have a valid alimony claim, Wife obtained relief on her claim for retroactive child support.  The fact of Wife's failed alimony claim should not totally absolve Husband who deliberately concealed his income to avoid his child support obligation.  Finally, we find complete denial of Wife's attorney fee claim results in Wife paying attorney fees related to her petition for retroactive child support from the court's award of retroactive child support, which is not appropriate.  Therefore, on this basis, we reverse the order of the trial court with regard to the denial of Wife's attorney fee claim, and remand to the trial court to determine the amount of reasonable attorney fees incurred by Wife in litigating her petition for retroactive child support.

Finally, Wife argues the trial court erred in failing to find that the hearing officer's negative attitude and conduct towards Wife was prejudicial and hindered Wife's ability to have a full and fair hearing.

This Court has explained:

> The master's report and recommendations are advisory only; the trial court is required to make an independent review of the report and recommendations to determine whether they are appropriate.  This being the case, any possible bias on the part of the master would be reviewed by the trial court and corrected since the trial court was responsible for making the final Order.

*Kohl v. Kohl*, 564 A.2d 222, 224 (Pa. Super. 1989) (citation omitted), *affirmed*, 585 A.2d 463 (Pa. 1991).

Here, the trial court detected no bias, and our review discloses no basis upon which to disturb the trial court's determination.  We note that the trial court had denied Wife's motion to reassign case and vacate interim

- 16 -

order, which was filed after the first day of the hearing. As such, the trial court was well aware of Wife's position that the hearing officer lacked impartiality. In addressing Wife's issue on appeal, the trial court recognized that the hearing was contentious and the hearing officer "became frustrated," and concluded that "in spite of this, … the Master's Report and Recommendation [was] commendably free of references to this behavior and strictly based on the facts presented as well as the law." Trial Court Opinion, 7/18/2014, at 8.

Our review similarly reveals that the hearing was highly adversarial, and that the hearing officer was faced with four competing claims in a hearing that was scheduled to last one day, but ultimately required a second day.[10] We have carefully studied the record in light of Wife's specific allegations regarding the hearing officer's "negative attitude" toward Wife.

_____

[10] The hearing officer's decision of August 8, 2013, explains:

Before the court were four matters:

1. Husband's Petition to Terminate Child Support, retroactive to June 26, 2012;

2. Wife's July 12, 2012 Petition Raising Claims (Post-Divorce) for alimony and counsel fees and expenses;

3. Wife's July 24, 2012, Petition for Modification retroactive to 1998; and

4. Husband's July 24, 2012 Petition for Counsel Fees.

Hearing Officer's Report and Recommendation (Explanation), 8/8/2013, at 2.

*See* Wife's Brief at 37–44. Based on our review, we find no basis to disturb the trial court's determination that Wife's complaints warrant no relief.

Accordingly, based on the foregoing, we affirm in part, reverse in part, and remand to the trial court for recalculation of Husband's support obligation taking into account the tax consequences of the federal dependency exemptions taken by Husband for the children for years 1999-2012, and for the determination of an attorney fee award in favor of Wife on her claim for retroactive child support.

Order affirmed in part, reversed in part. Case remanded with directions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/3/2015